PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE _Eastern_ DISTRICT OF TEXAS
_Beaumont_ DIVISION

**MAR - 1 2018**

BY
DEPUTY_____

_Frank Driggers 473881_
Plaintiff's Name and ID Number

_Stiles Unit_
Place of Confinement

CASE NO. 1:18cv94
(Clerk will assign the number)

MC-KFG

v.

_Kourtney Hadnot / Stiles Unit / Beaumont, TX_
Defendant's Name and Address

_Schyular Leviss / Stiles Unit / Beaumont, TX_
Defendant's Name and Address

_Wayne Brewer / Stiles Unit / Beaumont, TX_
Defendant's Name and Address
( DO NOT USE "ET AL.")

_All defendants in their individual and official capacities... and while acting under color of state law._

_- defendants continued on page 3 -_

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

## FILING FEE AND IN FORMA PAUPERIS

1.  In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2.  If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3.  28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4.  If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I.  PREVIOUS LAWSUITS:

A.  Have you filed any other lawsuits in the state or federal court relating to imprisonment?  ___✓___ YES  _____ NO

B.  If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1.  Approximate date of filing lawsuit: *first § 1983 filed in 1991 or 92.*

2.  Parties to previous lawsuit:
Plaintiff(s): *Frank Diggges*

Defendant(s): *David Turner, Correctional officer / and two other defendants whose names I do not recall.*

3.  Court (If federal, name the district; if state, name the county) *Western District.*

4.  Docket Number: *do not recall / no longer have records.*

5.  Name of judge to whom case was assigned: *Walter Smith / U.S. Magistrate Dennis Green.*

6.  Disposition: (Was the case dismissed, appealed, still pending?)
*jury trial / jury ruled in favor of defendants / no appeal was taken.*

7.  Approximate date of disposition: *sometime in 1991 or 92.*

## Attachment to Page 2

1. Second § 1983 filed in Eastern District of Texas in 1995 or 96.
2. Frank Digges
   Plaintiff

   Steven Crosby, Correctional Officer / Brien Norton, Correctional Officer
   Defendant                                  Defendant

3. Eastern District.
4. Do not remember / no longer have the paperwork or files.
5. Do not remember judge's name / U.S. magistrate's name was Judith Gunthrie.
6. Case was dismissed as frivolous and failure to state a claim.
7. I don't remember / 1996 I think.


1. Third § 1983 filed in Eastern District of Texas in 2010.
2. Frank Digges
   Plaintiff

   Frank Helm, / Major / and at least two other defendants I don't remem-
   Defendant                       ber their names — one was a Regional Director
                                    and the other a Correctional Officer.

3. Eastern District.
4. Do not remember / no longer have the paperwork or files.
5. Do not remember judge / U.S. Magistrate's name was Judith Gunthrie again.
6. Case was dismissed as frivolous and failure to state a claim.
7. I don't remember / 2010 I think.


1. I filed three habeas Corpus actions in 2014 (two in convicting Court/
   Montgomery County, Texas) (one in federal court / Southern District of Texas)
   attacking prison conditions of confinement. All three of these habeas Corpus
   actions were dismissed for want of jurisdiction / and for not being able
   to attack prison conditions of confinement in a habeas Corpus action.

5/

<u>Second Attachment to Page 2</u>

I am in fear of imminent bodily injury and death / I would ask this Court to consider the allegations and facts written in this complaint in support of my life and safety being at imminent risk and in granting me former pauperis status. Additionally, as with other requested relief at the end of this complaint, I would ask the Court to stay these proceedings until I am able to throughly exhaust all administrative remedies through the grievance process. I have exhausted most of these remedies, there are at least 4 still unexhausted [one grievance in particular that is still out is grievance #2018019831] this grievance has been at step 2 since November 27, 2017 — 50 days. [Ten days past 40 day time limit]. Additionally, to inform the Court on the current, the harassment, retaliation and indifference to my request to prison officials for help has escalated in the past weeks. The free mail letter well [57] to Senior Warden Wayne Brewer, Assistant Warden Aaron Tompkins, property room officer Anita Breaux. [also a letter I sent to the UCC on 1/10/2018 via an officer who was suppose to be my escort to the UCC until I refused the UCC], Major Schyules Terrian being recently fired [October 2017], grievances I have filed on the grievance investigators themselves [Felicia Davis / Noshaun Jones / Montroe Chretien] [grievance just filed on Chretien January 3/2018] found the UCC g—ing me on a code 24.2 case (refusing housing) [the UCC I sent the letter to on 1/10/2018], and moving me by threat of force to 12 Building F pod. Though I am still in a single cell, 12 Building F pod is a more restrictive violent area of the unit. I've had a great deal of my property confiscated since being on F pod / including my one deoderant and 39 stamps in a wallet [with receipt for the stamps in the wallet]. Since being on F pod I've had a officer pick up my ID card (I don't know the officer's name), for the purpose of making commissary. But no commissary was ran for F pod that day (1/12/2018), and I am still waiting to get my ID card back.

e/

## Third Attachment to Page 2

The officer who confiscated my property (an officer named Cormier) did so when I was out of my cell and off the pod writing out an L10 statement for a supervisor named Tabitha Canady (she's a sergeant). Cormier wouldn't give me a confiscation sheet or a copy of the inventory sheet on my property. At least 3 sergeants coming to or by my cell just ignored me on getting me the copy of the inventory sheet. One sergeant, Jared O'Neal (a defendant in this suit) just shrugged his shoulders and walked off from me. I personally handed Major Rochelle Neal an I60 on the matter when she was on the scene in front of my cell 1/13/2018. I still haven't gotten my property back Cormier took that he wasn't suppose to (my stamps and deodorant) on the inventory sheet.

Note: (B) I was on the Wynne Unit from 9/19/2013 to 11/12/2014 and refused housing there 13 times [13 major cases] spent 12 months in ACR for refusing housing (Administrative Cell Restriction). Not once was I ever demoted below g4 custody. Now they g5 me here at the Stiles Unit, and the same day I sent the letter [1/10/2018] to the UCC who g5'ed me. The letter informed the UCC I was refusing the UCC out of fear for my safety, and requested an escort camera before going to the UCC. I haven't made commissary since 12/14/2017. When the SOB was making store and inmates I.D. cards and commissary list were picked up on 12/28/2017, the commissary sent our ID's back that afternoon and (telling me) they would run us on 1/11/2018. The commissary jacked (refused to let go-) awhole building for a policy mandated spend (the spend was from 12/27/2017 to 1/9/2018). New spend was 1/10/2018 [when I was moved to 12 Building].

On information and belief all the foregoing attachments to Page 2 are true correct /as all other information and facts alleged and attested to in this lawsuit are.

Frank Wigges, plaintiff

January 16, 2018

Note: (A) I refused housing on the Wynne Unit on life endangerment grounds.

II.   PLACE OF PRESENT CONFINEMENT: ___Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705___

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A.   Name and address of plaintiff: _Frank Wigges / 3060 FM 3514 / Beaumont, TX - 77705_

_____

_____

B.   Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Claims

Defendant #1: _Kourtney Hardnot / sergeant / Stiles Unit_
_Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_I threatened to file a grievance on Hardnot / she retaliated by filing false disciplinary charges against me / denied me my property without due process of law / and endangered my life._

Defendant #2: _Schneider Levias / Major / Stiles Unit_
_Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Transferred from Hlt Lewis Unit in December 2017 on a life endangerment (LID) against Levias / conspiracy with Huntsville officials to have me transferred to the Stiles for his reprisals and harassment / failure to act and intervene._

Defendant #3: _Wayne Brewer / Senior Warden / Stiles Unit_
_Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. _Was then senior Warden at the Stiles Unit failed to act as intervene after I put him on notice by way of copy of seven page letter I mailed to the court on my LID claims._

Defendant #4: _Lance Knod / Captain over disciplinary (disciplinary hearing officer) Stiles_
_Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Denied me fair and impartial decisionmaker during six major disciplinary hearings / engaged in official oppression and conspired with other prison officials to retaliate against me that would ultimately expose me to physical harm._

Defendant #5: _Toby Powell / Major / Stiles Unit_
_Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_indifferent toward my LID claims because of my LID against Staff / issued impermissible criteria that endangered my life._

Defendant #6: _Antionette Manuel / Counsel substitute / Stiles Unit_
_Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705_

Briefly describe Ms. Manuel lied to have me excluded from disciplinary hearing / lied to deny me exculpatory evidence / engaged in conspiracy with other hearing officials to find me guilty of disciplinary charges that ultimately would 3 expose me to imminent physical harm of released to pop = ulation / she also denied me due process.

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

The nature and substance of this § 1983 *Claims* complaint is that unit officials and regional director office officials carried out a campaign of harassment, retaliation and indifference to me and my request for help when writing them numerous I60[S] (official request) and grievances that endangered my life and safety and caused me to be wrongly punished, deprived of property, placed in a continued state of fear, anxiety and depression in violation of my first, fifth, eighth and fourteenth amendment rights to the United States Constitution and in violation of state law and prison policy. This complaint will also reveal the pervasive corruption which exist within the Texas Department of Criminal Justice and which exist in its grievance and disciplinary process, procedures and practices and of the Department's *false* actions toward its

VI.    RELIEF: *Claims of enforcing its policies and edicts and inmate safety and protection even at the Stiles Unit (and of its retaliatory and oppressive prisons.*

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

injunctive/declaratory relief and monetary damages against defendants where evidence will ultimately show monetary damages to be appropriate and right and injunctive/declaratory relief to be appropriate and necessary to correct the problems and Constitutional violation[S].

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

No other name but my real name Frank [Dale] Digges.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#272032 (first prison number); #473881 (current prison number).

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? _____ YES  √ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A

2. Case number: N/A

3. Approximate date sanctions were imposed: N/A

4. Have the sanctions been lifted or otherwise satisfied? N/A _____ YES ____ NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?          YES ✓   NO

*not that I recall.*

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division):   *N/A*

2. Case number:   *N/A*

3. Approximate date warning was issued:   *N/A*

Executed on: 1/26/2018
/DATE

(Frank Digges) Frank Digges

*Frank Digges*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this   26th   day of   January   , 20 18   .
(Day)          (month)          (year)

(Frank Digges) Frank Digges

*Frank Digges*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

<u>Attachment to Page 3</u>

Claims

<u>Defendant #7:</u>  M. Blalock / Regional Director / Region III

400 Darrington Road / Rosharon, TX - 77583

Briefly describe: As Regional Director and reviewing disciplinary appeals

and grievances at the Step 2 level he failed to take corrective

action and intervene regarding my LID and safety issues and concerns

and to reverse the false and invalid disciplinary cases subject to his/direct

review and authority / which ultimately put my life and safety endangered by /

as evidenced by the retaliation, harassment, indifference and hardship I am

under and experiencing now at the hands of Stiles Unit prison officials.

<u>Defendant #8:</u>  Jared O'Neal / sergeant / Stiles Unit

Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705

Briefly describe: As a black supervisor he discriminated against me and

showed favoritism to a black SSI inmate worker of his named

Story Manuel / Samuel who I told O'Neal that Manuel threatened me /

and which O'Neal was a witness to / O'Neal also harassed and retaliated

against me for coming to him with the threat alleged against Manuel /

and violated prison policy by doing the OPI in the incident which he

was a witness to. O'Neal also told me at the time the OPI was initiated

I would not be transferred / he endangered my life and safety by his biased

and discriminatory actions toward me and by not withdrawing himself from

investigating the OPI (see gV # 2019169483 / Step 1 and Step 2 appeal's hereto).

<u>Defendant #9:</u>  Felicia Davis / grievance investigator III / Stiles Unit

Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705

Briefly describe: This grievance investigator (G-1) coordinates, investigates,

reviews, recommends to the Warden the action should be taken in grievances

filed by inmates at the Step 1 level on the Stiles Unit. Defendant Davis

intentionally and arbitrarily stalled, hindered, delayed and obstructed my

[see second Attachment to Page 3]

Second Attachment to Page 3
Claims

ability and purpose in pursuing the grievance process against prison officials, including high ranking prison officials, at the Stiles Unit. Ms. Davis also discriminated against me as an inmate and could not be fair, impartial or neutral toward me as my valid claims and denied me my First Amendment Constitutional right to petition the government [for] redress with my grievances [and denied me my fourteenth amendment right to equal protection under the law] and engaged in official oppression against me.

Defendant #10: Nashauen Jones / grievance investigator II / Stiles Unit
            Stiles Unit / 3060 FM 3514 / Beaumont, TX- 77705
Briefly describe: This CI coordinates, investigates, reviews, recommends to the Warden the action should be taken in grievances filed by inmates at the Step I level on the Stiles Unit. Defendant Jones intentionally and arbitrarily, stalled, hindered, delayed and obstructed my ability and purpose in pursuing the grievance process against prison officials, including high ranking prison officials, at the Stiles Unit. Ms. Jones discriminated against me as an inmate and could not be fair, impartial or neutral toward me as my valid claims and denied me my First Amendment Constitutional right to petition the government [for] redress with my grievances [my fourteenth amendment right to equal protection under the law] and engaged in official oppression against me.

Defendant #11: Montrae Chretien / Clerk II / Stiles Unit
            Stiles Unit / 3060 FM 3514 / Beaumont, TX- 77705
Briefly describe: Ms. Chretien is a clerk at the Stiles Unit whose job responsibilities include retrieving and picking up grievances from inmates housed in the Security Office Building (SOB) at the Stiles Unit... she intentionally and arbitrarily stalled, hindered, delayed and obstructed my ability and purpose in pursuing the grievance process against prison officials, including high ranking prison officials, at the Stiles Unit, including losing or throwing away grievances I personally placed in her hands/

## Third Attachment to Page 3

### Claims

and denied me my First Amendment Constitutional right to petition the government for redress with my grievances / and denied me my fourteenth amendment right to equal protection under the law / and engaged in official oppression against me.

Defendant #12: Anita Breaux (pronounced Bro) / 12 Building property room supervisor / Stiles Unit / 3060 FM 3514 / Beaumont, TX - 77705.

Defendant Breaux is the 12 Building property room supervisor at the Stiles Unit. She refused to return my radio to me even after it had been verified the radio was my radio and the Warden's edict [response/grievance] instructed for her [to] she did this without giving any documented justification or prison policy she was relying on authorizing her to confiscate and keep possession of my radio and without due process of law / she also did this in retaliation to my filing grievances against prison officials at the Stiles Unit and because these officials were hostile toward me and did not like me, including Major Schyuler Leiras and Sergeant Courtney Hodnet / Ms. Breaux denied me the right of equal protection under the law and my First Amendment Constitutional right to be free to petition the government [for] redress with my grievances without fear of harassment, retaliation or reprisal / she also engaged in official oppression against me.

Defendant #13: David Conley / field lieutenant / Stiles Unit
            3060 FM 3514 / Beaumont, TX - 77705

Defendant Conley ordered me to move from the Security Office Building (SOB) / where I had been housed the previous six months refusing housing in population on life endangerment grounds and concerns for my safety. Conley came to my cell in the SOB on three successive days with three different housing assignments each time ordering me to move in January 2018. Each time Conley ordered me to move I told him I refused to move because my life would be endangered in population by both staff and inmates. I explained

3/

<u>Fourth Attachment to Page 3</u>
Claims

that I had an enemy living next door to me [John Juan Rogers [inmate] who had stolen my radio, who was also g 4 custody as I was, and that Rogers and me could not be housed on the same building (7 Building where g 4 custody is housed on the Stiles Unit). Conley was also attempting to move Rogers to 7 Bldg. I explained to Conley that I had filed grievances regarding staff and inmate life endangerment / retaliation concerns. Conley did not do an offender protection investigation (OPI) on me for any of the three housing assignments as required by policy he gave me / wrote me a disciplinary case that is pending at this time. Conley used the housing assignments to carry out a retaliatory animus born from the grievances and confrontations I have had and filed on unit officials / he deliberately and arbitrarily endangered my life / safety in the process / as well as filed a false disciplinary case on me he knew or should have known I had a valid reason to refuse housing in population / and violated my First Amendment Constitutional right to petition the government for redress with my grievances without fear of harassment, retaliation or reprisal / he also denied me equal protection under the law / and engaged in official oppression against me.

<u>Defendant #14: Aaron Tompkins / assistant Warden / Stiles Unit</u>

<u>3060 FM 3514, Beaumont, TX 77705.</u>

Defendant Warden Tompkins was the signature authority in grievances I have filed and the lead authority in three UCC/ST (Unit Classification Committees) concerning my life endangerment / retaliation claims and the Warden who issued the grievance response (edict) for the property room officer to return my radio. On information and belief Tompkins retaliated against me for my filing grievances against prison officials, including former Major Lewis, who I may or may not had anything to do with his (Lewis) being fired and his employment terminated with the prison system / by Tompkins failing to intervene and take corrective action against the 12 Building property room officer (Breaux) regarding my radio / and by his indifference to my life

14

## Fifth Attachment to Page 3

### Claims

endangerment/retaliation claims [and giving tacit approval of the same] he violated my
first amendment right to petition the government for redress with my grievances with-
out fear of harassment, retaliation or reprisal / he also violated my right to due process
and equal protection of the law under the fifth and fourteenth amendments to the
United States Constitution by allowing my property [namely, a radio] to be illegally
withheld from me by his subordinate officer Anita Breaux / he also engaged in official
oppression against me by personal knowledge or tacit approval leaving me living
next door for months to a known and documented enemy who had stolen my radio
and headphones / endangering my life and safety in the process / Defendant Tompkins
actions were deliberate, arbitrary and capricious and with the intent to hurt or harm me.

Defendant 15#: D. Barnett / Regional Director / Region 111

### 400 Darrington Road / Rosharon, TX - 77583

Defendant Barnett as regional director reviewing disciplinary appeals / grievances
at the Step 2 level / he failed to take corrective action and intervene regarding my
valid L10 and safety issues and concerns and to reverse the false and invalid
disciplinary cases subject to his direct review and authority / which ultimately
placed my life and safety at risk / and which I was wrongly disciplined for / as
evidenced by the retaliation, harassment, indifference to my pleas for help and
hardship I am now under and experiencing at the hands of Stiles Unit prison officials.

Defendant 16#: Steve Massie / Regional Director / Region 111

### 400 Darrington Road / Rosharon, TX - 77583

Defendant Massie as Regional Director reviewing disciplinary appeals / grievances at the
Step 2 level / he failed to take corrective action and intervene regarding my L10 and
safety that was under his direct review and authority / which ultimately put my
life and safety endanger and which his failure to intervene and take corrective
action encouraged unit officials in their continued indifference and callous disregard
to my claims of L10 / retaliation / harassment ... On information and belief defendant
Massie is biased and prejudiced toward prisoners in general and rarely intercedes for them

15.

Sixth Attachment to Page 3
Claims

Defendant #17: Rockella Neal / Major 12 Building / Stiles Unit
3060 FM 3514 / Beaumont, TX - 77705

Defendant Neal is a major / whose job responsibilities include supervising all staff assigned to the 12 Building... I was taken out of my cell by sergeant Talitha Canady on 1/11/2018 / escorted to the front office in 12 Building to write an L10 statement / while with Sgt. Canady officer Terry Cormier shook my cell down and confiscated much of my property / including property he was not authorized to take / Cormier told me he confiscated my property on orders from lieutenant Robert Bowman / who told him I was on Special Cell Restriction (SCR) / Cormier did not give me a confiscation sheet or inventory sheet of my property / I jacked the food slot on my cell door to get a supervisor to the pod to report Cormier taking my property and not giving me the paperwork after / Sgt. Canady came to investigate / after talking with Canady about the problem she left / she did not bring or give me the paperwork either / I spoke to Major Neal about this 1/12/2018 / and also gave her an I60 on all the above / she told me she would look into it / the major didn't give or bring me the paperwork [confiscation / inventory sheet] either / or my property back / officer Cormier wasn't permitted to take / On 1/12/2018 an unidentified officer picked my ID up as he was picking up trays following breakfast. I gave the officer my ID [with my commissary list wrapped around my ID] thinking the pod was going to the store / no store was ran that day / and this officer did not bring my ID back / I've talked with numerous supervisors about the matter [Sgt. Cortes / Sgt. Alfred / Sgt. Brown / Sgt. Lavine / Lt. Poullard / Sergeant [S] Cortes and Alfred told me they would check the video to determine the officer's identity / I wrote Major Neal about it on 1/22/2018 / as well as inquiring again about my property / I also wrote the Unit Office of Inspector General (OIG) 1/23/2018 asking the OIG to open up an investigation about my ID card / Defendant Neal is retaliating against me because of my legal activities against prison officials [including former Major Schepler Levias] and sergeant Courtney Hodnett [and property room officer for 12 Building Anita Breaux] who illegally has kept possession of my radio

16

<u>Seventh Attachment to Page 3</u>
<u>Claims</u>

that I first talk with Major Neal about on 12/5/2017, while I was still in the SOS/ and spoke to defendant Neal again about during the time I was with Sgt. Carnaley giving her the LIO statement on 1/11/2018, when Neal came into the office where we were and which I gave Major Neal the I.60 about on the property that officer (Carmices took) in front of my cell on 1/12/2018 ... Defendant Neal violated prison policy and my first amendment rights by withholding my property without due process of law/ or failing to intervene and take corrective action to restore property she personally knew and was aware of had been illegally and arbitrarily taken and kept from me.

<u>Defendant 18th</u>: Grace Ekeke/ and her subordinate officer Rodney Simon / Stiles Unit

defendant Ekeke is the law library supervisor over the law library at the Stiles Unit/ defendant Simon is her subordinate officer who works directly with and under Ms. Ekeke / 3060 FM 3514 / Beaumont, TX - 77705. Defendant Ekeke as law library supervisor denied me requested law library materials and personal records I intended to use for litigation purposes over a period of several months that ultimately stalled, hindered, obstructed and cost me valueable time in my having all the information I needed from the records and legal material [case law] to pursue this lawsuit/ Defendant Rodney Simon, as Ms. Ekeke's subordinate officer working under her direct supervision, is as well responsible and guilty of these claims in being duplicitous with his superior [Ms. Ekeke] in violating my first amendment right[S] to access to the Courts. Additionally, over this course of time covering several months /especially from and during the time of October 2017 thru January 2018/ defendant [S] Ekeke and Simon began retaliating against me for my legal activities against the high sentury officials at the Stiles Unit [including former Major Scheppler, Lewis] through information and knowledge they received from the records I requested of them in all these matters. Ms. Ekeke and Mr. Simon denied my repeated request for the certification of [by] trust fund account and the forma pauperis oath application for mail and filing my lawsuit in January 2018.

✱ Note: Defendant Ekeke also denied my requested legal supplies (prison policy) she had the authority to provide by Defendant Simon who told me I had to go to him to get mine on demand and never for her misleading to me.

Eighth Attachment to Page 3

Claims

Defendant #19: Laurie McCord / Counsel substitute / Stiles Unit

3060 FM 3514 / Beaumont, TX 77705

Defendant McCord [formerly a grievance investigator and clerk II] conspired with hearing officials [namely, Captain Lance Knodel and Counsel substitute Antionette Manuel] to have me excluded from at least 2 disciplinary hearings where I was being tried on refusing to house cases. She as well as CS Manuel on successive days [January 5/2018 which was a Friday] and January 8/2018 came to my cell door in the SOB to serve me with another refusing to house case [disc. case #20180119275]. First, in serving me this case, as the case CS Manuel served me with on the 5th, both lied and said I refused to sign the case paper [I-47MA form] in complying with due process. CS McCord also refused to accept documentary evidence from me in the form of a 2 page written statement on my LID /retaliation claims / a witness list requesting 3 witnesses/ and a 1 page records request for my defense / McCord told me to bring the documentary evidence to the hearing / When I told McCord she needed to accept the 4 pages of documentary evidence before the hearing [i.e. the 24 hour notice period] to investigate the documentary evidence, requested witnesses and obtain the requested records she did not respond back. She didn't even leave me with a copy of the case paper / after she was out of sight I hollered after her to give me my copy of the case / she sent Officer Emeka Ezeakachi [pronounced Easy-A-CA-chi) back with it (the case paper). Officer Ezeakachi is a regular SOB officer and saw and heard and witnessed this whole situation with CS McCord this day / as did regular SOB officer Jaray or Jonette Lewis / with CS Manuel a couple days before [on the 5th] when Manuel refused me due process and lied and said I declined to sign for the case. I should explain here when CS Manuel came to my cell to serve me this case (~~disc. case #20180116322~~) I told her she should not be serving me the case and I would refuse to allow

Ninth Attachment to Page 3

her to represent me in the disciplinary hearing as a conflict of interest existed
between us with my wrongly [and by cheap tricks of the hearing officials]
was excluded from the hearings. There was also no OPI done by CS Manuel.
All named defendants acted in their individual and official capacity and under color of state law.

## Supporting facts of Claims

Defendant #1 : Kourtney Hadnot retaliated against me by filing a false disci-
plinary case on me [threatening to inflict harm on an officer] because I promised
to file a grievance on her if she did'nt take care of a problem she told me she
would by doing something about the black inmate who attempted to exercise
authority over me named Stacy Samuel or Manuel [whose job is an SSI
(support service inmate). Hadnot also testified at the disc. hearing she told
me she would take care of the problem (Samuel/Manuel). But did'nt do anything
to him... As a result of the false charge and conviction I lost 2 line classes
(from S3 to L1), received 45 days cell, rec, commissary, telephone restriction
and was kept 30 days in lockup confinement in the SOB. I also had a pending
transfer cancelled and I was removed from the college program (Lee College)
I was being transferred to enroll in. I had been waiting 5 months for the transfer.
Hadnot also put my life/safety at risk by not doing something about Samuel/
Manuel. After going through the disciplinary Hadnot put on me/I was released
from the SOB June 28/2017. Within 7 days after being released from the SOB
Samuel/Manuel would threaten to physically assault me 3 times. The third time
I went to Sgt. Jared O'Neal and reported the threat. O'Neal locked me back
up at that moment (July 6/2017) and placed me in OPI status. I have been
housed in the SOB [refusing housing on life endangerment grounds] ever since.
(See disc. case #20170291371 and gv. #2017153166 in regards to these claims).
Hadnot also attempted to steal/lose my four bags of property by not inven-
torying my property according to policy (she left over half my property off the in-

19/

## Tenth Attachment to Page 13
## Supporting Facts of Claims

ventory sheet), which I refused to sign the inventory sheet for that reason. Wad-
not also violated policy by withholding property from me that I was allowed
to have (i.e. legal, writing, reading material, commissary and hygiene). I didn't
receive my allotted property until four days later when a lieutenant named Jona-
than Joseph got it for me. (See property gr. #2017150121 in regards to these claims).
Officers and supervisors routinely and arbitrarily violate policy and withhold inmate
property who are locked up and housed in the SOB regardless of the status the
inmates are initially placed in the SOB (i.e. prehearing detention / offender pro-
tection investigation / transient overflow / protective custody / transfer status).
The Warden[s] in responding to grievances filed also regularly violate property
policy / deny property policy is being violated / and take no corrective action.
(See grievance[s] #2015089558; #2015130715; #2015132422; #2016006376).
Wadnot violated prison policy and my fifth and fourteenth amendment rights
by withholding my property without due process.

### Relief Requested

I ask for thirty thousand dollars ($30,000.00) in compensatory and punitive dam-
ages from defendants Wadnot to compensate me for what she took from me in her
false disciplinary charge and to punish and deter her and other officers from
filing false claims against inmates and to deter her from retaliating against inmates
for filing grievances or threatening to file grievances against her. I further ask
the Court to reverse and expunge from my records as well as restore my
2 line classes taken from me in the false charge Wadnot filed on me and
which I was ultimately wrongly convicted of (in disc. case #20180117275).
There was no loss of good time in the case... I further requests a declaratory
judgment and injunction enjoining Stiles Unit Officials to stop and desist
from withholding inmate property locked up in the SOB that by prison
policy and the United States Constitution they are allowed to have / to stop
and desist from withholding inmate property for days and weeks at times as

19/

_Eleventh Attachment to Page 3_
_Supporting Facts of Claims_

is the custom of the Stiles Unit administration to do. I have no plain, adequate or complete remedy at law to redress the wrongs described herein. I have been and will continue to be /as well as all other inmates in lockup confinement in the 808/ irreparably injured by the on-going property violations unless this court grants the declaratory and injunctive relief asks for. I also ask for any other additional relief this court deems just, proper, and equitable.

Defendant #2: Schyuler Levias / Former Major / Stiles Unit

Defendant Levias was fired and is no longer employed by the TDCJ. Address: Bureau of Information / Huntsville, TX - 77340

Defendant Levias endangered my life / safety while we were both at the Gib Lewis Unit in 2011. In November of that year I wrote a LIO statement against Levias for making loud remarks about me to a dayroom full of black gang-members. Levias is also black. The LIO statement was sustained by the UCC reviewing it (Warden Frank Helms, Chairman), and I was transferred from the Gib Lewis Unit on December 6/2011... In April 2013 I was transferred from the Wayne Scott Unit to the Terrell Unit, where Levias had a close relative working named Tanzy Levias. I mentioned the family relationship between the 2 Levias to Warden Robert Beard the first day at my first UCC at the Terrell Unit. Beard told me he knew Schyuler Levias personally, even calling him by his first name, and that Schyuler and Tanzy were close relatives. I explained what happened at the Gib Lewis Unit to Beard (the 3 member panel of the UCC), and that I felt my safety to be at risk on a unit with a close relative of Schyuler Levias. And requested transfer. The UCC, tentatively, approved the transfer. After several weeks in special housing, I was told to move to population on May 20/2013. I refused on LIO grounds. The next day (May 21) I was taken to another UCC with Warden Beard / who told me Huntsville denied "their" request (recommendation) to transfer me / due to the transfer from the

2/

<u>Twelfth Attachment to Page 3</u>
<u>Supporting Facts of Claims</u>

Gib Lewis Unit being because my life was endangered by CRIPS and BLOODS (prison disruptive groups [§] / gangs) and not by staff (lieutenant, as he then was, Schuyler Levias). When I suggested to Beard he get a copy of the LID statement I wrote against Levias that led to the transfer from the Gib Lewis, he ignored the suggestion. One of the UCC members told me, "we aren't going to do that" (get a copy of the LID statement). . . I subsequently refused housing on the Terrell Unit 5 times (from May to September) / when I was demoted from g2 (minimum) custody to g4 (medium) custody. Therefore, by policy, since the Terrell Unit is an all minimum security facility, requiring Huntsville to transfer me, I was transferred to the Wynne Unit September 19/2013. Where I refused housing 13 times due to LID and my being told by Unit officials I would be housed on the Wynne Unit sole g4 wing (A1), where there would be CRIPS and BLOODS. I was told by these Unit officials there was no place they could house me on the Wynne Unit in population where there would'nt be CRIPS and BLOODS. While at the Wynne Unit I spent 12 months in administrative cell restriction (ACR), where I was allowed only minimal property and no commissary. I was subsequently transferred to the Stiles Unit, my second time to the Stiles Unit, in November 2014. While at the Wynne Unit I filed numerous grievances and LID statements against Levias [and the CRIPS and BLOODS] including disciplinary appeals. In 1999 and 2000 I was on the Stiles Unit and transferred from the Stiles to the Allred Unit in December 2000 after being clequed on and beat up by black gang members (Mandigo Warriors) in a dayroom at the Stiles Unit. Because of this violent incident alone I should not have been transferred back to this Unit, somehow I was. . . I first became aware of Schuyler Levias on the Stiles Unit my second week there, he was still lieutenant. By the summer of 2016 he was a major. I've had four face to face encounters with Levias on this Unit with him ▓▓▓▓ ▓▓▓ ▓▓ / none of these encounters good. Each of these incidents he either cursed, threatened or was harassing. The last confrontation

Thirteenth Attachment to Page 3

21

Supporting Facts to Claims

with Lewis occurred October 9/2017 when he came to my cell door to harass me
about a small line I had up in my cell to hang my wet towel to dry.
You could not see the lines from the hall in front of my cell. An hour later Lewis
came by my cell again accompanied with counsel substitute (CS) Hamilton / I had
given Ms. Hamilton an LID statement on Lewis when she served me with a refusing
to house case on 10/4/2017, she also placed me in OPI status... On 10/16/2017 I mailed
to this a 7 page letter outlining my LID claims against prison officials [and
other claims], that I sent Stiles Unit Senior Warden Wayne Brewer a copy of via
free world mail. I explained in the letter I was not ready to file the 1983
complaint yet as I still had administrative remedies to exhaust, but I sent
the letter to the Court to put some protection on myself as my life/safety
was in imminent danger and risk being retaliated against by prison officials
was expected. This Court [clerk] returned the letter to me with the instruction
to file the letter [with a former pauperis application] when I filed my lawsuit.
Lewis graded two disciplinary cases (disc. case[s] #2017029137/ #20170344829)
that he should have recused himself from grading as he had recused himself from
sitting on any and all UCC[s] I have went before since being lock on the Stiles Unit.
The retalitory animus was born at the Gib Lewis Unit / then metastasized
as I refused to be housed with his close relative Tanzy Lewis on the Terrell Unit /
and the LID claims (statements) I wrote on Lewis there / and the grievances I filed
there / and the Wynne Unit and Stiles Unit / it would seem to be against proper
prison policy and good sound prison management and practice to transfer
me to a unit [the Stiles] where in two years after my return there, Schyuler
Lewis would rise to the high rank of major. On information and belief I believe
Lewis being fired from the prison system had a lot to do with the 7 page
letter I sent to the Court that I sent Warden Brewer a copy of October 16/2017.
I should not remain at the Stiles Unit or in the Beaumont area within Lewis's
ability to retaliate against me through the employees and connections he has

23/

Fourteenth Attachment to Page 3
Supporting Facts of Claims

here at the Stiles Unit. On information and belief, Lewis, through his connections in Huntsville [and at the Wynne Unit] had me transferred to the Stiles Unit for his reprisal... Stiles Unit is a worse and more dangerous prison then the Wynne Unit / Lewis having me sent to the Stiles Unit then is an adverse act. (See gr. #2015134339; gr. #2018023958; gr. #2012050834; gr. #2015150162).

Defendant #3: Wayne Brewer / former Senior Warden / Stiles Unit

December 2017 Wayne Brewer left the Stiles Unit and is no longer Warden here.

Address: Bureau of Information / Huntsville, TX - 77340

Defendant Brewer was put on notice and made aware of the imminent danger of serious physical injury [and] the retaliation and harassment by prison officials under his authority by way of the 7 page letter I wrote and sent to this Court on October 16/2017 [that I] sent Warden Brewer a copy of the same day. Though Warden Brewer has left the Stiles Unit and is no longer employed at the Stiles since sending him the copy of the 7 page letter / my physical safety continues to be at risk / and the retaliation and harassment as well as the indifference and callous disregard to my pleas for help continue and are only growing worse and are on going. Some of the adverse action[s] above would not have taken place or be on going and continuing today if Warden Brewer would have taken corrective action / and especially would have ordered me transferred / as the evidence and documented record of the possible life endangerment / and plain and clear retaliation warranted him to. On information and belief Warden Brewer was senior Warden at the Stiles Unit early December 2017... I first recall seeing the new head (senior) Warden M. Crow on December 8/2017, when he walk past my cell in the 8 OB and I called his name to speak with him. Warden was less than 15 feet from me, and it was quiet, when he just ignored my calling his name. I thought about writing him a letter via free world mail / as I did Warden Brewer / but decided not to out of fear from the retaliation.

Defendant #4: Lance Knol / Disciplinary hearing Officer / Stiles Unit

3060 FM 3514 / Beaumont, TX - 77705

Note: the 7 page letter to the Court on October 16/2017 was actually signed and dated being me October 14/2017. The letter was mailed the 16th and 14th also with the filing of this current Lawsuit after filing.

24/

<u>Fifteenth Attachment to Page 3</u>
<u>Supporting Facts of Claims</u>

Defendant Kned has tried and found me guilty on six major disciplinary cases[3]
as of this date. (January 13/2018). [The] six cases in order as I was charged with
them are: disc. case #2017029137! offense code (0)04.0[threatening to inflict
harm on an officer] The case was graded a major case by Major Schuyler Levias;
② disc. case #2017034482.9 (0C) 24.2 [refusing housing] the case was graded a major
by Major Schuyler Levias; disc. case #2018002965.5 (0C) 24.2 [" "] the case
was graded a major by Major Danny Landrum; disc. case #2018016322 (0C)
24.2 [" "] it was graded a major by Major Danny Landrum; disc. case #2018.0
117274 [0C] 24.2 [" "] the case was graded a major by Major Danny Landrum;
⑥ disc. case #2018011 9405 (0C) 24.2 [" "] the case was graded a major by
Major Danny Landrum... Disc. case #2017029137! offense date was May 30/2017,
it was written by defendant #1 Kourtney Kodnot. It was my first major case
since arriving on the Stiles Unit November 06/2014. Defendant Kned found me guilty
of the Code 04.0 charge[and imposed punishment at loss of 2 line classes (from S3
to L1) and 45 days restriction[5] of recreation, commissary, telephone privilege (OTS),
and cell restriction. There was no good time taken... Defendant Kned denied
me non-frivolous evidence such as video evidence and cross-examining the
charging officer (defendant Kodnot) On explaining how she[felt threatened that
I was going to physically assault her and in describing my demeanor or action
that made her feel threatened. This defendant refused to allow me to question Kodnot
on what my temperament and countenance was at the time she said I told her
"I'm going to make you remember this". And even if those were my words to her, which
I testified at the hearing they weren't, the question as to what my demeanor was
at the time I made the alleged statement that made her feel threatened was
fundamental toward establishing I was mad and angry enough to hurt her.
When the counsel substitute served me this case (CS Manuel) I asked her to review
and obtain the video evidence of this incident /and whether not under prison

25/

*Sixteenth Attachment to Page 2*
*Supporting Facts of Claims*

policy. Hadnot was required to call for an escort camera before removing me from my cell, placing me in handcuffs, and then in walking me 200 yards to the Unit Infirmary for the PHD physical. The CS told me she didn't know what the protocol was for the escort camera and told me she didn't think the video was relevant. I explained to the CS, though the video had no audio capability to hear any words that were said between Hadnot and me, it would show Hadnot placing me in my cell and everything was peaceful and less then 3 minutes later opening my door and placing me in handcuffs after I made the alleged threat. The video would show I was calm, cooperative and never said one word to her while she placed me in handcuffs and took me to the infirmary and then PHD afterwards. Before going into the hearing I asked CS Manuel did you obtain the video evidence. She said what video evidence? and told me she didn't recall my asking her to obtain the video. She also told me she didn't recall ~~I~~ my asking her to check on the policy ("Protocol") on the escort camera. Defendant Knod denied the video due to I didn't request it at time of service of process (when CS served me the case) and due to the video not having audio capabilities. Defendant Knod also stated at hearing and in his written hearing remarks that I could have sent CS Manuel a request through the internal unit mail system requesting the video. However, de-fendant Knod's reasoning on this is moot when CS served the case on June 2nd/2017 and I went to hearing on June 5th/2017. And CS served case at 10:25 AM on the above date. ~~[redacted]~~ The mail had already been picked up. And there was a weekend in between, the 2nd of June 2017 fell on a Friday. Finally, there was 2 other witnesses to this incident. ① My cell partner Pat Lilliland #242535, who was present in the cell with me when Hadnot opened my door to let me in my cell and heard and saw the whole matter. I did not call Pat as a witness to protect him from retaliation. ② Witness 2 was officer Wilbert Chatlin who called for a supervisor when Sgt. Hadnot came to investigate the SSI Manuel or Samuel trying to exhert authority over me. Chatlin's statement admitted as evidence in the hearing/

2⁵/

*Seventeenth Attachment to Page 3*

*Supporting Facts of Claims*

corroborated with my version of the facts and what was actually said between the charging officer (Hadnot) and me, though defendant Knod claimed otherwise in his summation of the evidence relied upon and his written remarks in the case I-4 form. Hadnot told me she would take care of the problem (the SSI Manuel/Samuel). Which she stated on tape at the hearing. I told her if she did'nt take care of the problem, "I promise you I'm going to file a grievance on you/on the matter." After I promised to file the grievance, and I did so because officers are such liars about telling inmates their going to do something and then not doing it, she accused me of threatening to physically hurt her. And Hadnot never did do anything about the problem (Manuel/Samuel). Who a month after this incident on May 30th/2017 (after being release from the SOB) would threaten me 3 more times and cause me to have to leave population. Step 1 and Step 2 were exhausted/points on appeal [Step.] ① Denied adequate counsel and assistance by CS Manuel ② Denied documentary-evidence (video) ③ Denied fair and impartial decisionmaker (see gr. #ᵗᵗ2017153166). On July 6/2017, because of SSI Manuel's threats, I was placed in the SOB in OPI status by defendant #8 Jared O'Neel, ~~and they being a lie~~ (see claim against him Attachment Page3). I began refusing housing in population for fear for my safety (LID) after Sgt. O'Neel's OPI and the UCC (headed up by Major Toby Powell) denied my request for a transfer. Over the next 6 months I was housed in the SOB (from July 6, 2017 to January 10, 2018/when I was moved to 12 Building) I renewed past claims of LID and retaliation against Major Levias through grievance and UCC process and added new claims against other prison officials of LID/retaliation as there animus was born and escalated over time. Defendant Knod when trying me on the next 2 disciplining cases that he did for refusing housing—(disc. case[s] #ᵗᵗ20170344829/#ᵗᵗ20180029655) engaged in a conspiracy with CS Manuel and CS McCord to exclude me from the above hearings. CS McCord served me with the first code 24.2 on 7/24/2017 [then] served me with this same case 3 days later on 7/27/2017 showing the same date and time of service from 7/24/2017 9:35AM.

2⁷/

<u>Eighteenth Attachment to Page 3</u>
<u>Supporting Facts of Claims</u>

with no documented justification for it. At time of service on 7/24 I gave CS McCord documentary evidence in the form of a written statement on my LIO claims, a request for witnesses (there was 3 requested witnesses) and a request for records. also defendant Knod's <u>written</u> remarks in the hearing (I-47 form) there is no mention or documentation of my documentary evidence [i.e. written statement on my LIO claims, request for the 3 witnesses, and request for records]. . . Defendant Knod opened the hearing on 8/2/2017 with CS Manuel replacing CS McCord as my Counsel substitute. As the hearing began [and with the tape running] after Knod's enquiring whether I had discussed the facts of the case with CS and I told him no, Knod told CS Manuel to take me outside the office where the hearing was being held and discuss the case with me. Knod turned the tape off as soon as I told him I hadn't discussed the facts of the case with CS Manuel. I told Knod I objected to CS Manuel representing me the conflict of interest in the Nadmat case she represented me on recently in which she lied about requested evidence I asked her to obtain for that case (the Video). And I now had no confidence or trust in her / and I requested to represent myself. Knod then told my escort to take me back to my cell (my escort was SOB officer Janay or Johnette Lewis). Knod did not say or tell me anything when removing me from the hearing. On 8/7/2017 I was escorted back to the hearing (SOB officer Johnnie Daws was my escort). Standing at the office door waiting for me was CS Manuel. Capt. Knod, with the office door closed, was inside sitting at his desk reading. The office door had clear glass I could see inside. CS Manuel said she was going to explain the procedure in representing myself in the hearing. I listened showing courtesy / and patience. CS Manuel asks me if I wanted her to read the statements of my witnesses in the hearing. I answered No. And further told her I did not want her counsel or assistance in the hearing. The CS then opened the office door and told Knod I was not cooperating with her. Without saying or asking me anything else Knod told my escort to take me back to my cell. . . I sent a written request to the Counsel substitutes office asking to listen to the disciplinary hearing tape of this "Bifurcated

27

Nineteenth Attachment to Page 3

Supporting Facts of Claims

disciplinary hearing and requesting a copy of the hearing record. I received neither.
I sent the request for the above in the form of an I60 on 8/10/2017. I received a
copy of the hearing record (months later) by buying a copy through the law library.
Defendant Knod's punishment for the case (disc. case #20170344829) was 45 days
restriction recreation, commissary, phone privileges, cell and loss of one line class
(from L1 to L2). There was no good time taken in this case. Step 1 and Step 2
grievance appeal were exhausted / points of appeal [Step 1] retaliation by unit
and hearing officials in prosecuting and trying the case and confining me before
and after being found guilty in disciplinary status [and restriction] / ② Bias and pre-
judiced by ranking authority who graded the case a major case (Major Schnyler Lewis) /
③ Improper procedure in serving me the case twice within 3 days with the same
date and time of day on both cases with no documented reason or justification
for this / ④ Conspiracy and collusion by hearing officials (Knod, Manuel and McCord)
to exclude me from the hearing process [and they did this twice / on 8/2 and 7/2017.
And I proffer here, if I was excluded from the hearing on 8/2 for allegedly being
argumentative and disruptive, why was not the hearing concluded that day? Why
open the hearing again on 8/7/2017 with C.S. Manuel waiting for me at the office door?
⑤ lack of the [preponderance of the evidence] At the time of filing this appeal I believed
Sgt. O'Neal confirmed the threat to my safety. I found out later he did not.
Still, the documented record of my LID [retaliation claims/ and Sgt. O'Neal confirming
there was a confrontation between SSI Manuel and me [and Major Powell [also confirming
that confrontation at the UCC on [7/10/2017] the evidence was lacking as to be no evidence.
(See gr. #20171922007) ... This second code 24.2 (disc. case #2018 0029 655) is almost
an exact replica and repeat from the code 24.2 before it (disc. case 20170344829).
One thing different was a new counsel substitute who served the case (Maureen Hamilton).
And also new was 2 inmates who ~~~~ became threats to my safety since the first
OPI was done on me by Sgt. O'Neal (John Juan Rogers and David Hatcher).
Proper procedure and TDCJ policy should have required the OPI to be done first

2/

<u>Twentieth Attachment to Page 3</u>
<u>Supporting Facts of Claims</u>

and then the case filed and served. Further, because the case was processed through and served on me before investigated by doing the OPI, the case should have been null and void. CS Hamilton had me taken out of PHD status and placed in OPI status. Before the OPI was complete defendant Knox started the hearing. An absolute violation of prison policy and protocol concerning inmates claiming their life is endanger and before disciplining can be taken against them. I reminded defendant Knox about this at the hearing on 10/13/2013, and asked him how he was trying the case before the OPI had been completed and I went before the Warden/major on the matter. Defendant Knox then attempt to reach by phone Sgt. James Cortez [who was doing OPI]. Knox could not reach Cortez and used that as reason to postpone the hearing. Starting the hearing again 10/18/2017 I objected once more to defendant Knox requiring me to accept CS Manuel as my counsel substi- tute on the same grounds as before and asked to represent myself. Defendant Knox then had me removed from the hearing and excluded from the process. SOR Officer Johnnie Daus was my escort again in the hearing and taking me back to my cell. . . On defendant Knox's written remarks on the I-99 form he writes that UCC on 7/10/2017 restricted
see disciplinary case # 20170348829
SSI Samuel (his name is Stacy Samuel) from being housed in the same cell to- gether (NFSCA). At this UCC (Major Powell) told me he was restricting Samuel and me from being housed on the same building / we were both minimum cust- ody (g-2) at time. Later on I learned that Powell changed it to cell/ rather than building flessening the threat level. One thing is certain prison officials knew Samuel had threatened me. And I knew he threatened me 3 times. Defendant Knox's punishment for the case (Disc. case # 2018002965.5) was fixed at 45 days restriction recreation, commissary, telephone privileges, cell and loss of one line class (from L2 to L3). There was 10 days good time taken. Because I am doing a life sentence good time is absolutely of no help to me in shortening my sentence or increasing the likelihood of going or getting out sooner. Step 1 and Step 2 grievance appeal was exhausted.
Defendant #5: Toby Powell / Major / Stiles Unit

30/

Twenty - first Attachment to Page 3
Supporting Facts to Claims

Defendant Powell because of my retaliation claims against his colleague Major Schyuler Leiras [and other prison officials] that Powell would be privy to, he showed a callous indifference toward me and concerns for my physical safety, by denying my request for transfer at the 7/10/2017 UCC and at the UCC on 8/8/2017 even after he had substantiated I had been threatened by SSI Stacy Samuel at least once [defendant Powell also issued an impermissible criteria in restricting Samuel and me from living in the same cell in that it does not remove the threat that this inmate is [and his homeboys are] to my physically safety. Based on Sgt. Hadnot's testimony at the hearing [where she accused me of threatening to physically assault her] she stated that she told me she would do something about her SSI Samuel.

Defendant #6: Antoinette Manuel [continued claims from page 3] also denied me due process by lying and saying I refused or declined to sign for process (Disc. case # 20180116322 and Disc. case # 2018011940 5). I refused to let her represent me in the disciplinary hearings but I did not refuse process by her or ~~did not~~ refuse to sign [I did not want to] waive my 24 hour hearing notice [and hearings

Defendant #7: M. Alaleah signature authority is on Step 2 gr. appeal # 2017029135?, gr. # 2017192009, # 2018048049. His office of review has seen a lot of documentation, records, evidence in support of my retaliation/EI0 claims. He should have intervene for me.

Defendant #8: Jarod O'Neal [continuing claims from attachment page 3] he was a witness to SSI Stacy Samuel's threat to me and was barred by prison policy from being the supervisor to investigate the offender investigation on me (OPI).

Defendant #9; Defendant #10; Defendant #11; [Continuing claims from attachment pages 3, & Lelicia Davis; Nashaun Jones; Montrae Christian have deliberately and with evil intent manipulated the screening criteria or avoided picking up grievances in the Security office Building to wrongly and with intentional error ~~did~~ thwart inmates in their pursuit of the grievance process and valid legal claims [see gr. # 2017191024; gr. # 2018023958; gr. # 2018033773 [Davis/Davis]; gr. # 2017187617; gr. # 2017187662 Jones); grievance currently

(3)/

## Twenty second Attachment to Page 3
### Supporting Facts to Claims

*(left margin note, rotated):* I received no response back from Leticia Davis inquiring about I.60[5].

pending against Montros Christian. I have placed at least 5 Step 1 grievances in her hands that were against [grieving] grievance investigator[s] Leticia Davis and Nashown Jones for wrongly and in error sending me back grievances unprocessed [that I never received back from the grievance office]. I wrote Davis I.60[5] inquiring about these grievances.

**Defendant 12 :** Anita Breaux (continued claims from page 3 [Third attachment]. came to my cell door on 12/3/2017 with a nightstick in her hands and asked me, "how are you doing?" and then left my cell. I had just written her a letter informing her about Warden Tompkins edict in gv.# 201801983/ to return my radio/ I sent the letter via free world mail so that she could not deny having received it. Grievance # 201801983/ has been at Step 2 since November 29/2017 — 49 days ago! I have not received any Notice of an Extension on the grievance.

**Defendant 13 :** David Conley has now filed 3 major cases on me for refusing housing. In each of these cases I told Defendant Conley I'm refusing housing in population because it would endanger my life and safety. I explained the most imminent threat to me at the moment was the inmate living next door to me (John Rogers) who stole my radio and headphones. Conley got smart mouth about what I told him and ~~made~~ makes the remark to me, "I smell something cooking"). . .

I have been tried and found guilty by Capt. Knol on all three of these cases and excluded from all 3 of the hearings on these cases because CS Manuel and CS McClerk said I declined to sign ~~for~~ (refused process and wanting to attend the hearing). (See Disciplinary Case[s] # 20180116322, # 20180117174, 20180119403). Conley did no 9/1 on me.

**Defendant 14 :** Aaron Tompkins (continued claims from page 3 [Forth Attachment] I wrote Warden Tompkins 2 personal letters sending them via free world mail on 11/17/ and 19/2017. The first letter concerned a violation of food service policy in the 508 that Tompkins in a grievance response denied was happening (see gv.# 2017189293). The second letter was in regards to [radio] grievance (# 201801983/) and his instructions in the grievance response for me to contact the property room officer (Defendant Breaux) for the return of my radio/ and informing the Warden I contacted Breaux

32

*Twenty-third Attachment to Page 3*
*Supporting Facts of Claims*

through three different officers (one was a sergeant) at the time of writing him the letter / still defendant Breaux remained recalcitrant and would not give me my radio back / at a UCC with Tompkins 10/19/2017 he advised for me to write Major Landrum about my radio. I wrote Landrum 10/23/2017. I did not hear back from him. Spoke to Major Neal 12/5/2017 / explaining to her Tompkins grievance edict. She told me she would look into the matter regarding my radio. I did not get my radio or hear back from Neal / Tompkins advised at a UCC on 10/17/2017 for me to write Security Threat Group sergeant Clemente Espinosa about my LID claims / wrote Espinosa six page letter 10/22/2017 / I did not hear back from him.

Defendant 15 #: D. Barnett is the signature authority in gv# 2018031829 [disc. appeal]; and gv.# 2018019831 [property deprivation / due process violation] [also indifference to my LID].

Defendant 16 #: Steve Massie is the signature authority in gv.# 2017150121 [property deprivation / illegal coercion by officer]; gv.# 2017169483 [retaliation / harassment / LID].

Defendant 17 #: Rochelle Neal — I had two face to face encounters / conversations with defendant Neal / sent her two I.60[s] regarding my property claims / and though she had the authority to intervene and take corrective action she did nothing. ☆

Defendant 18 #: Grace Eteka / Rodney Simon — I sent defendant Eteka several I.60[s] and at least two letters via freeworld mail regarding not receiving requested law library material / records / withdrawal requests / and discussed at length all these matters with defendant Simon in December 2017 / January 2018 / I also requested certification of my trust fund account and the forma pauperis oath application (POA) for mailing this lawsuit several times in the end of January 2018 / which defendant[s] Eteka and Simon delayed, hindered and obstructed in my filing this section 1983 complaint with this Court. Earlier filed step 1 and step 2 grievance (11/8/2017) [see gv.# 2018011051].

Defendant 19 #: Laurie McCord — exhausting administrative remedies have been exhausted through the step 1 and step 2 grievance process where I have grieved defendant McCord's denying me due process and being duplicitous with hearing officials to exclude me from the hearing[s] (see gv.# 2017192009 / gv.# 2017153166). ☆

[left margin, vertical:] There is grievance pending against defendants had asked / requested.

[left margin, vertical bottom:] at least two other grievances still pending

3/

Relief Page 1

Defendant[s] Schepler Lewis, Toby Powell, Wayne Brewer: violated my first amendment right to petition the government for redress with my grievances and to be free from retaliation for exercising that right/ they also violated my eighth amendment right to be free from cruel and unusual punishment and for a safe and secure prison when they failed to intervene and take corrective action after being made aware or already knowing beforehand of a threat to my life or safety as elaborated on in detail in Supporting Facts Claims where these defendants are named and what is alleged against them is detailed and explained/ I ask for 10,000.00 in compensatory damages and 20,000.00 in punitive damages against Lewis and for an injunction prohibiting the prison system from placing me on any unit where Lewis may have a relative[s] employed/ I also ask for compensatory damages in the amount of 1000.00 and punitive damages in the amount of 1000.00 against defendant[s] Powell and Brewer and for a declaratory judgment establishing the Constitutional right[s] violated against me by them. I also request an injunction ordering the prison system to transfer me.

Defendant[s] Steve Massie, M. Blalock, B. Barnett: violated my first amendment right and failed to take corrective action or to intervene when they each had the authority and personal responsibility to in investigating, reviewing and rendering a decision in the grievance under their direct review as elaborated on in detail in Supporting Facts Claims where these defendants are named and what is alleged against them is detailed and explained... I ask for 1,000.00 in punitive damages from each of these defendants because their unconstitutional actions in this case is an every day on going practice toward other prisoners in the TDCJ and it is an action by these 3 defendants that is intentional and deliberate/ and it should be punished/ to deter others with the authority that these 3 defendants have from these unconstitutional acts. These 3 defendants also violated my fifth, eighth and fourteenth amendment rights to the Constitution by their unconstitutional acts as detailed above.

34

*Relief Continued Page 2*

<u>Defendant Rochelle Neal</u>: as elaborated on in detail in Supporting Facts to Claims where this defendant is named and what is alleged against her in detailed / I ask for 5,000.00 in compensatory damages and 10,000.00 in punitive damages / to punish and deter this defendant from such unconstitutional acts against others prisoners in the future/ and to be a detriment to other prison officials in the same.

<u>Defendant Grace Ekeke/ Defendant Rodney Siman</u>: as elaborated on in detail in Supporting Facts to Claims where these defendants are named and what is alleged against them is detailed / I ask for for 5,000.00 in compensatory damages and 10,000.00 in punitive damages enjoined together/ to punish and to deter them/ I also seek declaratory and injunctive relief to correct the unconstitutional delays and obstruction[s] of others prisoners access to the Courts as was found in this case.

<u>Defendants Jared O'Neal / David Conley</u>: violated my first, fifth, eighth and fourteenth Amendment right[s] as elaborated on in detail in Supporting Facts Claims where these defendants are named and what is alleged against them is detailed / I ask for 7,000.00 in punitive damages against these defendants to punish and deter them from committing such unconstitutional acts in the future.

<u>Defendants Leticia Davis, Nasheun Jones, Montrae Chretien</u>: I seek declaratory /injunctive judgment against these defendants establishing the deliberate and intentional unconstitutional actions of these defendants as elaborated on in detail in Supporting Facts to Claims where these defendants are named and what is alleged against them is explained /and for the Court to grant an injunction to correct the unconstitutional violations and deficiencies of the grievance process of the Stiles Unit Administration/ and as evidence and justice [would prove and warrant] system wide.

<u>Defendant Lance Kmod</u>: Because this defendant's actions toward me were hostile, vindictive, arbitrary, capricious, unjust and evil and calculated to hurt and harm me [even physically] / and because he coerced and duplicitously manipulated others to do the same/ I seek 50,000.00 in punitive damages to punish and deter/ I also ask for 5,000.00 in compensatory damages for all the illegal commissary

35            *Relief Continued Page 3*

restriction he placed me on in disciplinary cases for refusing knowing he knew there was a preponderance of the evidence I had a valid reason to refuse / I further ask this Court to grant an injunction to correct the unconstitutional violations and deficiencies of the disciplinary process of the Stiles Unit administration / and as evidence and justice [would prove and warrant] system wide.

**Defendant Aaron Tompkins**: I seek 10,000.00 in punitive damages where this defendant is named and what is alleged against him is detailed and explained in Supporting Facts to Claims to punish and deter him from such unconstitutional acts toward other prisoners and to be an example to other high ranking prison officials from such unconstitutional acts of retaliation and indifference.

**Defendant Anita Breaux**: I seek 25,000.00 in compensatory and punitive damages where this defendant is named and what is alleged against her is detailed and explained in supporting Facts to Claims/ to punish and deter her from such unconstitutional acts toward other prisoners/and to be an example to other prison officials from committing such unconstitutional acts of retaliation / harassment / denying process to [other] prisoners/and in keeping their property from them illegally.

**Defendants Antionette Manuel / Laurie McCord**: I seek 25,000.00 against both of these defendant[S] in compensatory and punitive damages where these two defendants are named and what is alleged against them is detailed and explained in supporting Facts to Claims/ to punish and deter them from such arbitrary, capricious and unconstitutional acts toward other prisoners/who have placed their trust and confidence in them] not to consort and be duplicitous with prison officials to sell them out ...

Any additional relief this Court deems just, proper, and equitable.

       ## VERIFICATION

I have read the foregoing complaint and hereby verify that       *Frank Diggas,* the matters alleged therein are true, except as to matters alleged      *Plaintiff* on information and belief, and, as to these, I believe them to be true.    *January 16/2018* I certify under penalty of perjury that the foregoing is true and correct.

Executed at Beaumont, Texas/[Stiles Unit] on January 16/2018. Frank Diggas, Plaintiff

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 23 2017

BY
DEPUTY

Exhibit #1

Exhibit 1

1

October 14/2017

Dear Clerk. I am writing this letter to inform the Court of my position of imminent danger of serious physical injury while presently being confined at the Stiles prison Unit in Beaumont, Texas ... while at the same time being retaliated against and punished, directly and as a matter of tacit approval, by high ranking and subordinate prison officials ... four of these officials that I anticipate to be defendants in filing a § 1983 lawsuit and who are placing me in imminent danger are: ① Major Schyules Leviss, ② Major Toby Powell, ③ Disciplinary hearing officer [Captain] Lance Knod, ④ Sergeant Jared O'Neal ... this Major Leviss I have a life endangerment (LID) transfer from the Gib Lewis Unit on in December 2011. Officially the transfer was over my life being endangered by the CRIPS and BLOODS (black prison gangs). Conveniently left out of the official report, apparently, was that Major Leviss (then a lieutenant) provoked the CRIPS and BLOODS against me. The LID statement I filed in this matter, with one Sergeant Rogers of safe prisons office at the Gib Lewis Unit, said Major Leviss endangered my life. I did'nt find out about Major Leviss (staff) not being the reason for my transfer from the Gib Lewis Unit until almost three years later on the Terrell Unit, where Major Leviss had a close relative working there named Tanzy Leviss. My first day at the Terrell Unit (April 23/2013) I noticed Tanzy's last name on his name tag on his shirt that read "Leviss". At the UCC a few minutes later I discussed the LID transfer from the Gib Lewis Unit with Warden Beard. Warden Beard told me he personally knew lieutenant Schyules Leviss on the Gib Lewis Unit, and that Tanzy Leviss was a close relative of his. I requested Warden Beard transfer me for

2

fear of being retaliated against by Schuyler Levias close relative Tanzy Levias. Warden Beard (and the other members of this UCC), tentatively, approved the transfer. I was placed in the Special Housing Unit at the Terrell Unit what I thought was to await transfer. On May 20/2017 I was called to another UCC with Warden Beard and told Huntsville denied the transfer request due to my transfer from the Gib Lewis Unit not being "against staff" but against CRIPS and BLOODS, therefore, according to Hunts- ville reasoning, I had no justification to fear being retaliated against [by] Tanzy Levias. I refused housing on the Terrell Unit for the next four months until through the disciplinary process classification de- moted me in custody from minimum (G2) to medium (G4) custody and the Terrell Unit then had to transfer me. The Terrell Unit is an all minimum security unit, and I refused to be housed there due to LID. From the Terrell Unit I was transferred to the Wynn Unit in Huntsville on September 19/2013. Where I also refused housing due to LID con- cerns because I would be housed on a G4 wing that I knew was heavy with gang activity and where the CRIPS and BLOODS were strong. I received thirteen major cases for refusing to be housed on the G4 wing / I refused all thirteen times for valid reason regarding LID concerns. I filed numerous grievances (mostly disciplinary appeals) and several LID statements mentioning and elaborating on the Gib Lewis transfer [and] the LID statement I filed on Major Levias that led to my transfer from the Gib Lewis Unit... The Wynn Unit transferred me in November 2014 to the Stiles Unit — where I would be on the same unit again with Schuyler Levias. When I arrived here he was still a lieutenant / now he's a Major. On July 6/2017 I was placed in the Stiles Unit Security Office Building (SOB) by Sgt. Jared O Neal pending an offender protection investigation (OPI), that Sgt. O Neal witnessed and investigated. Which as a witness,

Note: I was also escorted to the Wynn Unit from 12th January 2008 until February 23/2009.