Frank Digges #473881
Stiles Unit
3060 FM 3514
Beaumont, TX - 77705

Exhibit #1
IN CIVIL ACTION No.:
1:18cv94

Dear Federal Defender: I have this day turned over for mailing a 45 page federal lawsuit (§1983) to the Stiles Unit law library supervisor (Grace Ekeke) for filing in Beaumont / the suit has 19 defendants and alleges a number of claims including attacking the prison systems' disciplinary process, grievance procedures, retributive, retaliatory, oppressive policies and practices. I have personal claims of retaliation, life endangerment, denied medical treatment, false disciplinary cases being filed on me and my property taken and kept from me without due process of law and other claims ... I have been incarcerated in the Texas Department of Criminal Justice (TDCJ) since January of 1987, I was arrested in November the year before. I was also in the then TDC (Texas Department of Corrections) from 1977 to 1982 the first time I came to prison, during the height of the Ruiz [ V. Estelle ] litigation (503 F.Supp. 1265) I have filed hundreds of grievances over the years/ every single one of them denied at both Step 1 and Step 2 appeal except for a handful [one handful]; have received a couple hundred major disciplinary cases over the years (200)[at least 150 to 200] found guilty on every single one of them except for one. Filed appeals (Step 1 and Step 2) to all of the disciplinary cases that were false; 90 percent of them were. Only three of these disciplinary cases were reversed on appeal/ one of them I was immediately retried and found guilty again ...
I need a lawyer and legal assistance in this massive lawsuit I have filed.

Thank you for any help you can give.

Frank Digges
Matthew 24:35

P.S.

Enclosed is a letter I wrote to the Court on January-30/2018 to inform the Court of the retaliation and obstruction I was encountering from the Unit law library officials in mailing my lawsuit. The Court sent this letter back to me with the advice it could not help me until I filed my lawsuit with the Court.

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 28 2018

BY
DEPUTY _____

Page B

Appendix / update on Claims

the radio was confiscated and would not be returned to me. I received no confiscation papers / no disciplinary case documenting this rule violation from AD-03.72 was of such a serious offense the disciplinary hearing officer determined I should be punished by not returning my radio to me, after I was duly written up, tried and convicted in the matter, that is. But then there is no prison (disciplinary) policy authorizing a disciplinary hearing officer to impose such a typrannical and despotic punishment. Defendant Barnett's decision is typical of the prejudicial and biased review by high ranking authorities at all levels of the grievance process / so to as was the length of time [deliberate delayed response] in returning grievance #2018019831 _ 34 days after defendant Barnett's signature and date. The Texas Department of Criminal Justice (TDCJ) is operating an unconstitutional retributive, retaliatory, oppressive prison system. at prominent levels of its operations [including the grievance and disciplinary, classification and safe prisons departments][procedures and practices] where written prison policy is not followed and deliberately violated by high ranking prison authorities as well as subordinate officers and employees [and inmates lives and safety are continually and habitually put at risk as a matter of standard practice in the TDCJ prison system . . . the old adage a prison system is only constitutional when there is a federal judge in its business holds true here. And this prison system [the TDCJ] needs another federal judge [the federal Courts] in its business as in the make and Character of Mr. William Wayne Justice, the Prison Litigation Reform Act not withstanding. I have read in the law books that the PLRA was intended to give control of the prisons back to the Wardens. Which I think happens to be a pro state federal judge who held that view. Obviously not in the make of Judge Justice. The judge who held that view

SOUTHERN
CENTER FOR
HUMAN
RIGHTS

*Exhibit #2*
*iN civil Action No:*
*1:18CV94*

83 Poplar Street NW
Atlanta, GA 30303
Ph 404.688.1202
F 404.688.9440

March 14, 2018

Greetings:

We received your letter seeking assistance.  The Southern Center for Human Rights is a non-profit public interest law office. We provide legal representation to people facing the death penalty, challenge patterns of human rights violations in prisons and jails, seek to improve legal representation for poor people accused of crimes, and advocate for criminal justice reform in Georgia and Alabama.  Due to our limited resources, we cannot represent you, provide you with specific legal advice, or send legal materials or publications.  We wish you all the best.

Sincerely,

Southern Center for Human Rights
Law Offices

Exhibit #3
in Civil Action
No: #1:18 cv94

Frank Digges 473881

Stiles Unit

3060 FM 3514

Beaumont, TX - 77705

January 1/2018

Dear Southern Poverty Law Center: greetings!

I am preparing to file a 1983 federal lawsuit against the Texas Department of Criminal Justice (TDCJ), with numerous defendants, alleging a number of claims, including attacking the prison systems' disciplinary process, grievance procedures, retaliative, retaliatory, oppressive policies and practices. I have personal claims of retaliation, life endangerment, denial medical treatment, false disciplinary cases being filed on me and my property taken and kept from me without due process of law... I have been incarcerated in the TDCJ since 1986, on my current sentence when I was first arrested. I also was in the then TDC (Texas Department of Corrections) from 1977 to 1983 the first time I came to prison and during the height of the Ruiz V. Estelle litigation (see 503 F. Supp. 1265)...

I have filed hundreds of grievances over the years, every single one of them denied at both Step 1 and Step 2 appeal except for a half-dozen handful, have received a couple of hundred major disciplinary cases over the years (at least 150 to 200 cases) found guilty on every single one of them except for 2 or 3. I also appeals [Step 1 and Step 2] for every single one of the disciplinary cases that were false, 96 percent of them were. Only 3 of the disciplinary cases were reversed on appeal. One of the cases I was immediately retried on and found guilty again.

I need a lawyer and legal assistance in this matter. I await to send the file.

Thank You for any help You can give.

Frank Digges

Matthew 24:35



**SOUTHERN CENTER FOR HUMAN RIGHTS LAW OFFICES**

LEGAL CORRESPONDENCE
DO NOT OPEN EXCEPT
IN PRESENCE OF ADDRESSEE



*Exhibit*
*in Civil Action No: 14 MAR '18*
*1:18CV94*

CONFIDENTIAL





12CE-66



Mr. Frank Digges #473881
Stiles Unit
3060 FM 3514
BEAUMONT  TX  77705

77705-763560

**Texas Department of Criminal Justice**

# STEP 2   OFFENDER GRIEVANCE FORM

Offender Name: _Frank Digges_   TDCJ # _423881_

Unit: _Wayne Scott_   Housing Assignment: _A1/04/T_

Unit where incident occurred: _Gib Lewis_
Disc. Appeal on Case #2012007650

| OFFICE USE ONLY |
| --- |
| Grievance #: 2012050834 |
| UGI Recd Date: DEC 21 2011 |
| HQ Recd Date: DEC 22 2011 |
| Date Due: 01-20 |
| Grievance Code: 414 |
| Investigator ID #: |
| Extension Date: 2-19 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be specific).**   *I am dissatisfied with the response at Step 1 because...*

The warden's response does not address the life endangerment issue elaborated on in the Step 1, or even mention that Sergeant Rogers (the Gib Lewis safe prisons officer) was interviewed in regards to the LID claim. Sgt. Rogers knowledge of the facts related to the LID is relevant as to whether the order to go into cell C121 was a legitimate or proper order... Capt. Collins (the DHO), interrupted the hearing by turning off the recorder and calling Sgt. Rogers into the room to question him on the LID regarding another case (code 24.2) I had pending at the time. Sgt. Rogers confirmed there was an OPI pending on the case. The OPI Rogers confirmed (the disc. case) was the initial case (the first case) I was charged on. The instant case comes afterwards... The charging officer (Scott) lied when he said he gave me an order to go into cell C121 (the instant case). But again, even if he gave me such an order, as argued above, it was not a legitimate order, because of the LID. I don't have the paperwork or disc. case number on the initial case that Sgt. Rogers confirmed the OPI on. So I'm not able to provide that information here. During the time the DHO turned off the hearing recorder, and after Rogers confirmed the OPI on the _initial_ case, I requested the DHO to also postpone this case until the investigation was completed on these matters. Additionally, there was already an LID cell move under on me on November 4th, 2011 from C-wing. Both codes 24.2's that I was charged with stemmed from November 9th, 2011, after the LID on the 4th. I explained this also to the DHO, but still he refused to postpone this case. With all the available information that the DHO had on the LID and OPI he should have

**I-128 Front** (Revised 9-1-2007)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Note: please confirm the LID claim through Sgt. Rogers, all information available to the LID claim, review the disc. hearing tape, and interview Lt. Mitchon. Lt. Mitchon is the supervisor who made the LID move on me on the incident from November 4th, 2011 moving me off C-wing.

Appendix G

dismissed this case at the hearing or at least postponed it until after the DRT had been completed... I was transferred from the Gib Lewis Unit to the Wayne Scott Unit on December 6th, 2011 per the LID being substantiated... If Capt. Collins was to try me on either of the two disc. cases it should have been the initial case where I was charged with code 24.2 in A11b. Both A11b and C121 are in the same building, they face each other across a twenty foot space and clear glass windows and doors. If my life was endangered on A wing, as apparently my transfer confirmed, it would have also been endangered on C wing. Even apart from the LID move on November 4th, since the instant case came after the initial case (A11b cell), my life was endangered afterwards anywhere on the Gib Lewis Unit... I therefore request the Regional Director review.

**Offender Signature:** _Frank Diggs_ **Date:** 12/31/2011

**Grievance Response:**

Disciplinary case #20120071650 will be overturned. Your records regarding this case will be corrected. The option to rehear this case will be left to the Warden's discretion. AO-R

**Signature Authority:** _Linda Richey_    L. Richey    **Date:** FEB 17 2012

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate. *

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **3rd Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |

I-128 Back (Revised 9-1-2007)                    Appendix G

# Texas Department of Criminal Justice

## STEP 1 ㉑ OFFENDER GRIEVANCE FORM

A-1-4

Offender Name: **Frank Digges**   TDCJ # _473881_

Unit: _CL_   Housing Assignment: _Live Building Lot #3_

Unit where incident occurred: _Gib Lewis_

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2012050834 |
| Date Received: | NOV 2 2 2011 |
| Date Due: | 12-22-11 |
| Grievance Code: | 414 |
| Investigator ID #: | II016 |
| Extension Date: | |
| Date Retd to Offender: | DEC 0 6 2011 |

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Captain Collins / disciplinary hearing officer (DHO)_   When? _disc. hearing 11/04/2011_

What was their response? _found guilty_

What action was taken? _imposed punishment._

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 11/04/2011 I had a cell conflict with my then cell partner Raymond Ramirez. Ramirez brought one of his homeboys in it (they are Vatiocos), and challenged me to fight. Ramirez's homeboy said he was going to referee. I told them both I wasn't fighting anyone. About that time chow was called... In the chowhall I spoke with Lt. Mitchom about it. There were numerous inmates standing nearby, including Ramirez's homeboy (whose name I don't know, I just knew he lived @ 111). Lt. Mitchom told me to go back to my building (ARC), he said he would call Sergeant Rogers the safe prisons officer (I told Lt. Mitchom I had just talked with Sgt. Rogers earlier that day). Though I thought my safety to be in jeopardy, I went back to C wing as the lieutenant said... Ramirez and his homeboy was still wanting the fight. They were near as I spoke to the wing officer (I think the wing officer's name was Coleman, but I'm not sure). I explained the situation to Coleman. Officer Coleman told me to go into my cell and shut the door while he went and reported the matter to Mitchom. A few minutes later officer Barbour came and moved me to D wing into a cell by myself... On 11/07/2011 I sent Sgt. Rogers an I-60 explaining the matters above in detail. Later that day (11/07) I was moved to A 116 by officer Scott. Again I felt my safety was at risk, but I decided to go ahead and move because I was going to A wing rather than C wing, and I liked Officer Scott and did not want to complicate the process for him if possible... I went into cell A 116 with my property. The inmate living there (a CRIP I knew by the name Donnee), when I spoke to him, did not speak back to me. When he didn't speak back I knew I wasn't going to be able to live with him without the threat of assault or having my property stolen. I reported the matter to Sergeant Brandlin who was on the wing at the time. Brandlin said he was going to lock Donnee up for threatening me. I asked Sgt. Brandlin not to do that (lock Donnee up), explaining it would endanger my life more. Brandlin then called Lt. Leviss. Leviss came on the wing and called me over to cell 116, where he was standing. Leviss then shouted to everyone in the "dayroom" that no one was going to "bother me"... and if anyone bothered me they would answer to "him" for it... After the lieutenant's remarks to the dayroom I felt I had no choice but to refuse the housing on life endangerment grounds.

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   NOV 24 2011

← Leviss 11

Appendix F

I also [illegible] [redacted] [illegible] the sergeant interviewed me that same day about both LID incidents [redacted] C and A wing. Also on 11/08 CS Rice served me with 2 disc. cases for refusing housing A116 and C121... At the hearing he [illegible] there was some confusion regarding which case the DHO wanted to try first. I explained to the DHO Officer Scott lied when he stated he gave me an order to move to C121, but even if he had given me such a order I would have been justified to not obey the order on life endangerment grounds... The DHO had some discussion with me and Sgt. Rogers off the record (that is with the tape turned off) regarding both cases. Sgt. Rogers told the DHO that the OPI [redacted] on the A wing LID was not completed yet. Rogers did not mention anything about the C wing LID. The DHO then postponed the A wing case until after Sgt. Rogers had completed the OPI involving Lt. Lewis. I asked the DHO to postpone the C wing case as well thinking after listening to Sgt. Rogers tell the DHO he wasn't finished with investigating the A wing case, he also wasn't finished with the OPI on the C wing case...

My life was endangered after the incident with Ramirez and Lee homeboy on C wing 11/04/2011, I should have never been moved back to ABC in the first place. The situation was made more dangerous (for me) after Lt. Lewis called the dayroom out on me. After that, Lewis endangering my life, I could not have lived on C wing or anywhere else on ABC. I think the lieutenant realized that himself (his error in calling the dayroom out on me) and is why he decided to get me off the building (ABC) and placed me in Nine building... The following day after the hearing (11/10) I went before the UCC on the OPI. I was told by Warden Gelm investigation revealed confirmed threats had been made on my life, and that I would be transferred. I wasn't give any other details... NOV 22 2011

**Action Requested to resolve your Complaint.** That the life endangerment claim be confirmed through Sgt. Rogers and that this case be reversed and dismissed. Respectfully

**Offender Signature:** Frank Driggers **Date:** 11/20/2011

**Grievance Response:**

A review of major disciplinary case #20120071650 has been conducted. No errors in procedure, due process, or the punishment phase has been noted. The decision of the disciplinary hearing officer was based on the preponderance of credible evidence presented at the hearing. No evidence has been found to warrant overturning the above mentioned disciplinary case.

**Signature Authority:** [signature] **Date:** DEC 06 2011

C. Ginsel
Senior Warden

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** ________

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ________

**OFFICE USE ONLY**

Initial Submission UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

**2nd Submission** **UGI Initials:** ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

**3rd Submission** **UGI Initials:** ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: _Frank Digges_   TDCJ # _473881_

Unit: _Stiles_   Housing Assignment: _11 SOB 37_

Unit where incident occurred: _Stiles_

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Ms. Guillory / counsel substitute (CS)._   When? _10/4/2017_

What was their response? _Explained life endangerment claims to CS (LID). She said she would have OPI done._

What action was taken? _Seven days later (10/11) an officer brought me an LID statement [and told me it was from Lt. Bowman_

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 10/4/2017 CS Guillory serve me with disciplinary case # 20180 29655 (Code 24.02 / Refusing Housing). I have been refusing housing since July for valid reason (LID). The LID claims are multiple (against inmate enemies on the Stiles Unit who would try to injure and perhaps take my life if given the opportunity) and against staff on the Stiles Unit who would also injure me or retaliate against me and harass me if given the opportunity. I explained some of these LID matters to CS Guillory and also gave her a detailed LID statement elaborating on most of these LID claims mentioned above. I had a recent LID (OPI) sustained against SSI Stacy Manual at UCC headed up by Major Powell on July 10/2017. Powell did not want to transfer me (I think he should have instead). Powell said he was going to restrict Manual and me from being on the same building. However, that doesn't resolve the threat when Manual and me would still have access to the same infirmary / same school, same law library, same One Building / same chowhall (3) at times. Further, Manual is a closet CRIP, even if he hasn't been confirmed by gang intelligence. I lived around Manual for 2 years on A side, I know who he runs with and relies with. I have a LID transfer from the Gib Lewis Unit in December 2011 against Major Schryler Lewis (see safe prisons file from Gib Lewis Unit / LID statement I filed against her Lieutenant Lewis that led to my transfer from the Lewis Unit (see also grv # 2012050834 and grv # 2015015016.2, and 2015134339). The official finding of why I was transferred from the Lewis Unit is that my life was endangered by the CRIPS and BLOODS. left out of the official finding (I did it find out until three years later) is that Major Lewis provoked the CRIPS and BLOODS and that is why and how my life was endangered by them. The LID statement (I wrote this) said that Lewis endangered my life. And I was transferred from the Lewis Unit shortly after writing this statement against Lewis. I have filed LID grievances on the Terrell Unit, Wynn Unit where the Gib Lewis Unit incident (LID) is mentioned and explained I felt Lewis endangered my life and safety on those Units as well. Then Classification [somehow] sends me here where he's at

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM

Note: Lt. Bowman did not return to pickup the LID statement as of 10/12/2017 5AM.
Also, Officer Raws (SOB officer) said grievance verified the radio was my radio.   Appendix F

OCT 16 2017

I gave Lt. Bradley all this information on Lewis on 10/9/2017 [and after] he 9'd [knocked] at my cell door in the SOB (Security office Building) on 10/9/2017 to harass me [using the trivial/trumped up] excuse I had lines up. I did have lines up — two short ones in the corner where the commode and sink are. No way he could even see I had lines up just walking down the run. In other words these officers came directly to my cell anyway. My cell is the first cell inside the gate on two row. I heard the gate pop [two seconds later] he's [at] my door screaming at me about the short lines. He didn't actually scream at me though thats what I told Lewis "You don't have to scream at me". His tone of voice ▓▓▓ made it sound like he was screaming at first [heavy with contempt and sarcasm]. . . . I believe Lewis may have a confidential informant living in front of me to try to get information on me to use against me. I reported that he and one other inmate [in 36 cell] tried to extort me by stealing my radio and headphones . . .

**Action Requested to resolve your Complaint.** I request the information given in the narrative be investigated [and that I be transferred to another unit.]

**Offender Signature:** _Frank Wiggs_     _Respectfully,_     **Date:** _October 12, 2017_

**Grievance Response:**

---

**Signature Authority:** _____     **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☒ 8. The issue presented is not grievable. _Case not heard_
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _Davis Davis_

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _HD_ |
| Grievance #: | _2018023958_ |
| Screening Criteria Used: | _8  #499_ |
| Date Recd from Offender: | _10-16-17_ |
| Date Returned to Offender: | _10-16-17_ |
| **2nd Submission** | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **3rd Submission** | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

**Appendix F**

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

*STEP 2 on underside*

Offender Name: Frank Driggs   TDCJ # 473881

Unit: Stiles   Housing Assignment: 11 SOB 37

Unit where incident occurred: Stiles

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2018019831 |
| Date Received: | 10-6-17 |
| Date Due: | 11-15-17 |
| Grievance Code: | 901 |
| Investigator ID #: | 175 |
| Extension Date: | |
| Date Retd to Offender: | NOV 15 2017 |

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Daws/Security Office Building(SOB) Officer When? 10/4/2017

What was their response? Daws said he would talk to the inmate who jacked(stole) for my radio.

What action was taken? Daws confiscated my old radio that was in my neighbor's possesion.

State your grievance in the space provided. Please state who, what, when, and where and the disciplinary case number if appropriate

My neighbor wanted to use my radio so I passed it to him on a line(string). I put the radio, headphones and coax cable(hooked up to the radio) in one of my commissary bags. My neighbor is the cell right next door to me, 36 cell. Only name I know him by is Juan. I passed the radio to him approximately 9:30 PM to 10:30 PM through the neighbor across from me in 24 cell (this inmate calls himself Cisco). There ought to be video evidence of this(10/3/2017 9:30 PM to 10:30 PM)... Inmate Juan kept my radio until the next day(10/4). I had went to the dayroom between 9 AM and 10 AM and got back in my cell at 12 PM. When I got back to my cell I asked inmate Juan to pass my radio back. After asking him a couple of times and getting no reply, I knew I had made a serious mistake trusting this inmate to loan him my radio. Because of the Lord in my life I did not threaten him or talk any trash to him, other than telling him I was going to put Officer Daws in his life. When officer Daws came around a few minutes later I explained the situation. Daws said he would talk to inmate Juan. Daws came back and told me the radio Juan had that his name and number on it and he (Juan) showed Officer Daws paper on the radio. Daws also said the name and number on the radio did not look like they were scratched on with the hand. I told Daws 25 cell (an inmate named David Hatches) probabley had inmate Juan pass him my radio while I was in the dayroom and he put Juan's name and number on my radio with a tattoo gun then passed my radio back to him. Either that or he (David) passed the tattoo gun to Juan and he did it himself... I've been in the SOB since July 6/2017. Officer Daws knows me well and knows I had a radio and headphones

OCT 06 2017

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Note: This inmate David Hatches lives across from me in 25 cell and has been in the SOB almost as long as I have... On 9/20/2017 I had to ask officer Escamya to get the commissary out list from him, which she did, after David refused to pass the list on today. Appendix F and he supped in their with Juan and started cursing and cursing me in fighten' David and another officer in these names I don't know... I never cursed or cursed him back - just do you know.

I gave Mr. Davis my property papers for my radio and headphones. Davis talked the inmate into giving him my radio, but without the headphones. Davis could'nt find the serial number on the radio to compare it with the serial numbers on my property papers. Davis did confiscate the radio and turned it in to the property room, I believe he said . . . A couple of hours after all this began and Davis got my radio from inmate Juan, he come down the run and I asked him what he did with my radio and headphones? He told me he did not get my headphones when he confiscated my radio from Juan. Davis then went door and told Juan to give him the headphones. Juan refused to give Davis the phones. I asked Mr. Davis to get a supervisor. He said he will, but none come.

**Action Requested to resolve your Complaint.** Attached with this Step 1 grievance are my radio and headphones papers. Please compare the serial number on my radio property papers (serial number #0160666) with the serial number on the radio. Also request the video evidence be reviewed from 10/3/2017 (9:30 PM to 10:30 PM) to determine the facts as I alleged them to be in the narrative & **Offender Signature:** Frank Diggs and to get my radio/headphones back **Date:** October 5, 2017 Thank You

**Grievance Response:**

### In accordance with policy, property transactions between offenders are prohibited and could result in disciplinary action. Contact the property officer with any regards to claiming ownership of the radio. No action through the grievance process is warranted.

### WARDEN A. TOMPKINS

**Signature Authority:** _____   **Date:** NOV 15 2017

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable. *
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____ 1

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

Appendix F

JAN 1 1 2018

**Texas Department of Criminal Justice**

## STEP 2 OFFENDER GRIEVANCE FORM

12F02-55

Offender Name: _Frank Driggas_ TDCJ # _473881_

Unit: _Stiles_ Housing Assignment: _11 SOB 37_

Unit where incident occurred: _Stiles_

gv. #2018019831

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2018019831 |
| UGI Recd Date: | NOV 20 2017 |
| HQ Recd Date: | |
| Date Due: | 1-6 |
| Grievance Code: | 901 |
| Investigator ID#: | 13448 |
| Extension Date: | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** I am dissatisfied with the response at Step 1 because...

Warden Tompkins response states: "In accordance with policy, property transactions between offenders are prohibited and could result in disciplinary action. Contact the property officer with any regards to claiming ownership of the radio. No action through the grievance process is warranted"... So Warden Tompkins is well aware I lost my radio by loaning it to an inmate who then refused to give it back to me / and that I went to staff (Security office Building [SOB] officer Daws) to get my radio back. And the Warden was right and it was appropriate for him to admonish disciplinary could be taken against me for this. The Warden advised in his response to contact the property officer to claim ownership of the radio. I did ask in the Step 1 that my radio be returned to me. I attempted to contact the property room officer on 11/17/2017, the day after receiving the Step 1 back and Warden Tompkins response. Beginning with Sgt. Lavine on 11/17, officer Johnson and officer Daws on 11/18, Daws again throughout the days of 11/19, 11/20 and 11/21 and 11/22. Again with Sgt. Lavine and Lt. Bowman on 11/21, and officer Daws again and Sgt. Real on 11/22/2017. Each of them prison officials read Warden Tompkins response and told me they would look into the matter / contact the property room officer (PRO) and get my radio for me. I also wrote a letter to officer Breaux (the PRO) on 11/19/2017 sending it free world mail / informing this PRO I had received the Step 1 back on my radio and that the Warden told me to contact the property officer to get my radio back. I mentioned in this letter she had already verified the radio was my radio by removing the inmates name and number I loaned it to / and from who Officer Daws had confiscated it on 10/4/2017 / and putting my name and number back on the radio and bringing it to my cell to give it back to me on 10/16/2017. The day before (10/15), she had told officer Daws she would be bringing my radio to me tomorrow, Mr. Daws said. Somewhere between the time she talked to Daws on the 15th and then when she brought the radio to my cell on the 16th she changed her mind about giving my radio back. I speculate, and believe there is circumstantial evidence to prove it she decided not to give me back my radio in a retaliatory act because she thought or thinks I had something to do with a black major. Note also gv #2018033773 and gv. # 2018019831 for evidence of Breaux retaliation).

I-128 Front (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

Appendix G

Note: The CGO has confiscated my radio and continues to maintain possession of it without affording me any due process for doing so and without policy authority to do so. recently being fired named Schizuka Lewis. Officer Breaux is also black. I sent Warden Tompkins a letter [free ___ world mail] the same day I sent Breaux's letter mentioning and explaining all the above making him personally aware that Breaux was in defiance of his authority and ___ adversary in the grievance response in claiming ownership of my radio through contacting the PRO... I also tell Tompkins at a UCC on 10/19/2017 about this incident with Breaux on 10/16/2017. Tompkins advised for me to write Major Landrum, I did on 10/23/2017, I never heard back from him.

Offender Signature: _Frank Driggers_ Respectfully, Date: _November 25/2017_

**Grievance Response:**

An investigation has been conducted into your complaint. You admitted to loaning your radio to another offender. According to AD-03.72, property transactions between offenders are prohibited. Therefore, the item in question will not be returned. All policies and procedures were followed. No further action warranted by this office.

Signature Authority: **B. BARNETT** _BBarnett_ Date: _12-22-17_

Returned because: *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |

Location...: 0491 - 01
Salesperson:
Commissary & Trust Fund
Commissary Purchase Receipt
Date: 6/16/16
Page: 1

Purchaser: DIGGES,FRANK DALE
ID Number: 00473081

Housing: BLDG 4-E-3 ROWELL55

| Item Number | Item Description | Unit Price | Quantity | Ext.Amt | Class | Spend Limit |
|---|---|---|---|---|---|---|
| | | Beginning Account Balance: | | $76.75 | Begin Spend Limit: | $76.75 |
| 99993 | EMBARQ CORP. TELEPHONE SVC. | 1.00 | 20 | 20.00 | TELE | |
| 00051 | TELEPHONE 5? | 5.50 | 1 | 5.50 | REGU | $71.25 |
| 00026 | EARBUD-STEREO | 1.00 | 1 | 1.00 | REGU | $70.25 |
| 00004 | PLANTATION COFFEE KEEFE 4.5 OZ | .95 | 7 | 6.65 | REGU | $63.60 |
| 00223 | HABANERO SAUCE 5 OZ | .50 | 5 | 2.50 | REGU | $61.10 |
| 00197 | RAMEN-L/S CHICKEN NOODLES 3 OZ | .27 | 30 | 8.10 | REGU | $53.00 |
| 00124 | SALTINE CRACKERS 4 OZ | .35 | 5 | 1.75 | REGU | $51.25 |
| 01251 | BLACK INK PEN/OFFENDER PROP | .30 | 5 | 1.50 | CORR | $49.75 |
| 01176 | CEREAL-FRUIT ROLL | 3.15 | 2 | 6.30 | REGU | $43.45 |
| 00037 | ADAPTOR-75/300OHM | .55 | 1 | .55 | REGU | $42.90 |
| 00082 | DUPLEX-FM "T" STYLE | 1.60 | 1 | 1.60 | REGU | $41.30 |
| 03972 | DETERGENT-CRYSTAL CLEAN | 2.25 | 1 | 2.25 | REGU | $39.05 |
| 00214 | &NO CALORIE SWEETNER 100 CT | 1.95 | 2 | 3.10 | REGU | $35.95 |

OFFENDER COPY

---

Location...: 0491 - 01
Salesperson: CE06004
Commissary & Trust Fund
STILES UNIT - B
Commissary Purchase Receipt
Date: 6/16/16
Time: 15:17:58
Page: 2

Purchaser: DIGGES,FRANK DALE
ID Number: 00473081

Housing: BLDG 4-E-3 ROWELL55

| Item Number | Item Description | Unit Price | Quantity | Ext.Amt | Class | Spend Limit |
|---|---|---|---|---|---|---|
| | | Beginning Account Balance: | | $76.75 | Begin Spend Limit: | $76.75 |
| 04107 | CHOCOLATE CHIP COOKIES | 1.05 | 2 | 2.10 | REGU | $33.85 |
| 01257 | VITA-OMEGA 3 | 4.00 | 1 | 4.00 | REGU | $30.85 |
| 00029 | #CREAMY P-NUT BUTTER 18 OZ | 1.70 | 3 | 5.10 | REGU | $25.75 |
| 00071 | PETROLEUM JELLY 4 OZ | .75 | 1 | .75 | REGU | $25.00 |
| 00072 | SALT/PEPPER-MINI EMPORIA | 1.45 | 1 | 1.45 | REGU | $23.55 |
| 00082 | SPRING WATER 16.90 OZ | .30 | 1 | .30 | REGU | $23.25 |
| 01320 | WRITING TABLET 50 SHEETS #1205 | 1.85 | 1 | 1.85 | CORR | $21.40 |
| 00584 | DIAL BAR SOAP 1.25 OZ | .20 | 7 | 1.40 | HYGN | $20.00 |

Transaction Total: 98 $76.75
Sales Tax included in above amount: $2.29
Ending Account Balance: $.00    End Spend Limit: $20.00

SIGNATURE _Frank Digges_ THUMBPRINT     NO REFUNDS, NO EXCHANGES, NO EXCEPTIONS !!!!!

Commissary & Trust Fund
STILES UNIT - A

Registered Property Receipt issued due to the following reason: At time of Purchase.

Offender Name: DIGGES,FRANK DALE     TDCJ #: 00473881     Unit Issuing Receipt: 0491   Date Issued: 4/06/17
Housing: BLDG 4-F-1 ROWCELL10

Item: 00798                        ; Serial # 101606668

Detailed Description: RADIO-CLOCK CLEARTECH

Staff Issuing Receipt: BD00027    D. BRITT
                        (Print Name)               (Signature/Date)

* * * * * * * * * * * * * * *

NOTE: I understand that I must keep this registration form in my possession and present it to staff upon request as proof of ownership of the above-described property. Failure to comply with this requirement may lead to the confiscation of this property.

Offender: DIGGES,FRANK DALE                           (Signature/Date)

PROP-92(05/15)        Original to File, Copy to Offender, Copy to Property Room

---

Location...: 0491 - 01             Commissary & Trust Fund              Date: 4/06/17
Salesperson: BD00027              STILES UNIT - A                 Time: 8:00:54
                      Commissary Purchase Receipt            Page: 1

Purchaser: DIGGES,FRANK DALE                                Housing: BLDG 4-F-1 ROWCELL10
ID Number: 00473881       Beginning Account Balance:    $77.89    Begin Spend Limit:    $77.89

| Item Number | Item Description | Unit Price | Quantity | Ext.Amt | Class | Spend Limit |
|---|---|---|---|---|---|---|
| 99995 | EMBARQ CORP. TELEPHONE SVC. | 1.00 | 5 | 5.00 | TELE | |
| 00798 | RADIO-CLOCK CLEARTECH | 20.00 | 1 | 20.00 | SERL | $57.89 |
| 00229 | *CREAMY PEANUT BUTTER 18 OZ | 1.60 | 4 | 6.40 | REGU | $51.49 |
| 00979 | *COLOMBIAN COFFEE 4 OZ | 1.90 | 4 | 7.60 | REGU | $43.89 |
| 00124 | *SALTINE CRACKERS 4 OZ | .35 | 5 | 1.75 | REGU | $42.14 |
| 00197 | RAMEN-L/S CHICKEN NOODLES 3 OZ | .30 | 10 | 3.00 | REGU | $39.14 |
| 00193 | RAMEN TEXAS BEEF NOODLES | .30 | 10 | 3.00 | REGU | $36.14 |
| 00214 | *NO CALORIE SWEETNER 100 CT | .95 | 2 | 1.90 | REGU | $34.24 |
| 00072 | SALT/PEPPER-MINI | 1.15 | 1 | 1.15 | REGU | $33.09 |
| 00210 | CHILI/GARLIC SAUCE | 1.20 | 2 | 2.40 | REGU | $30.69 |
| 01113 | FRUIT FILLED HARD CANDY | 2.40 | 1 | 2.40 | REGU | $28.29 |
| 01193 | *PEPPERMINT STICK 1 OZ | .10 | 10 | 1.00 | REGU | $27.29 |
| 04407 | CHOCOLATE CHIP COOKIES-LOW | 1.05 | 1 | 1.05 | REGU | $26.24 |

*Recu'v back 11/31*

**Texas Department of Criminal Justice**

gv. 4

# STEP 1

## OFFENDER GRIEVANCE FORM

<table>
<tr><td colspan="2">**OFFICE USE ONLY**</td></tr>
<tr><td>Grievance #:</td><td></td></tr>
<tr><td>Date Received:</td><td></td></tr>
<tr><td>Date Due:</td><td></td></tr>
<tr><td>Grievance Code:</td><td></td></tr>
<tr><td>Investigator ID #:</td><td></td></tr>
<tr><td>Extension Date:</td><td></td></tr>
<tr><td>Date Retd to Offender:</td><td></td></tr>
</table>

Offender Name: _Frank Digges_   TDCJ # _473887_

Unit: _Stiles_   Housing Assignment: _A SOB.37_

Unit where incident occurred: _Stiles_

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Anita Breaux/12 Bldg. Property room Supv._ When? _10/17/2017_

What was their response? _Your not getting your radio until grievance tells me to give it to you._

What action was taken? _Officer Breaux refused to give me my radio..._  NOV 01 2017

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 10/5/2017 I filed a grievance regarding an inmate living next door to me in the Security Office Building (SOB) who I loaned my radio and headphones to and then jacked for them (wouldn't give them back). The only name I know this inmate by is Juan (36 cell). I sent my property papers (radio/headphones) attached to the grievance. On 10/6/2017 SOB Officer Davis, who confiscated the radio from Juan, told me that the serial numbers on my property papers for the radio matched the serial numbers on the radio and it has been verified that the radio is my radio... On 10/16/2017 I asked CO Davis if he had heard anything else about my radio? As it would turn out, Davis would say to me, Officer Breaux had just called him on the phone a few minutes before and talked with Davis about my radio and bring it to me the following day. By this time it is about 4 or 5 PM... The next day (10/17/2017) CO Breaux comes to my cell with my radio in a red chair bag. She asks for my I.D. in a tone of voice that was clearly laden with agitation and contempt. I give my I.D. to Breaux, after I did, she asked me how she ended up with my radio? I begin to explain the situation as noted above, and she cuts me off and tells me I was trafficking and trading and I wasn't getting my radio back until the grievance officer told her to give it back to me... First off, this officer already knew I was trafficking and trading when loaning my radio to Juan. Second off, whoever had the authority to authorize Breaux to remove Juan's name and number off the radio and put my name and number on the radio (Juan while he had my radio in his cell, scratched my name and number off the radio and used a tattoo gun to put his name and number on the radio) verified that the radio was my radio and to return the radio to me...

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    NOV 01 2017 (OVER)

Note: At another UCC with Warden Tompkins on 10/19/2017 I mentioned the matter of Officer Breaux and my radio. Tompkins passed the buck to Major Landrum, and told me to talk with him. I sent Landrum a full page letter on all this Appendix F 10/23/2017, but still haven't gotten my radio...  +H+ Proverbs 15:23

And third off, if she thought I should have been written up for traffickery and trading, then she should have done that and written me a case, and then gave me my property back. As it stands now she has withheld my property and not returned it to me without due process of law... Additionally, I had mailed a seven page letter to the federal court in Beaumont just the day before (10/16/2017) Breaux coming to my cell with the radio, alleging retaliation and harassment (including life and endangerment (L.D.) against staff. I sent Warden Brewer a copy of this letter. That would have been documented by the unit mailroom. Also the day before (10/16/2017), I had been before a UCC (Warden Tompkins/Classification Barrett/Lieutenant Pardue) where I discussed these retaliation/harassment L.D. claims against staff. By the end of the UCC, the tension and animosity toward me was quietly noted, especially Lt. Cahill.

**Action Requested to resolve your Complaint.**
Breaux changed her mind about returning my radio after she talked with Dawson the 16th, then when she came to my cell with the radio on the 17th, why? I request this grievance be investigated on the retaliation claims... and that I be given my radio back.

Offender Signature: _Frank Wiggen_   _Respectfully,_   Date: _October 27/2017_

**Grievance Response:**




**Signature Authority:** _____   Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable. *
☑ 9. Redundant, Refer to grievance # _20180983_
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _Davis Davis_

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

**Medical Signature Authority:** _____

-127 Back (Revised 11-2010)

Appendix F

| OFFICE USE ONLY | | |
|---|---|---|
| Initial Submission | UGI Initials: | |
| Grievance #: _2018053773_ | | _#999_ |
| Screening Criteria Used: | | |
| Date Rec'd from Offender: _11-1-17_ | | |
| Date Returned to Offender: _1-1-17_ | | |
| **2nd Submission** | UGI Initials: | |
| Grievance #: | | |
| Screening Criteria Used: | | |
| Date Rec'd from Offender: | | |
| Date Returned to Offender: | | |
| **3rd Submission** | UGI Initials: | |
| Grievance #: | | |
| Screening Criteria Used: | | |
| Date Rec'd from Offender: | | |
| Date Returned to Offender: | | |

Texas Department of Criminal Justice

## STEP 1

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2017531660

Date Received: 6-13-17

Date Due: 7-13-17
400

Grievance Code: 1725

Investigator ID #:

Extension Date: JUN 2 6 2017

Date Retd to Offender:

Offender Name: Frank Diggs          TDCJ # 473881

Unit: Stiles          Housing Assignment: 80B 2 Row/130 Cell
Security Office Building

Unit where incident occurred: Stiles

Appeal Disciplinary Case #20170291371

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Capt. Knod /disciplinary hearing officer (DHO) When? date of hearing 6/5/201?

What was their response? found guilty

What action was taken? punishment imposed

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number, if appropriate

Points of appeal: ① Denied adequate counsel and assistance by Counsel substitute Manuel (CS)
② Denied documentary evidence (Video) relevant and significant to my defense.
③ Denied fair and impartial decisionmaker (DHO). JUN 13 2017
CS Manuel served me this case. I requested of her the camera film (Video) that
recorded this incident in its entirety. I explained the relevancy in that the film
would show the charging officer (CO did not (CO) removed me from my cell after the
alleged threat to her physical safety without calling for the escort camera or assistance.
Since CO alleged she was in fear for her physical safety, as implied by the charge,
standard uniformity with prison policy, procedure and practice should have
found her calling for a camera to record the incident and the escort to the
80B. The camera (Video) would also show my demeanor and cooperativeness as CO opened
my door and placed me in hand restraints... The CS told me she didn't think the Video
was relevant, and that she didn't know what the "protocol" was under such circumstances
(whether CO was required by policy to call for a camera before removing me from my cell).
At the hearing, when I asked about the Video, she (CS) claimed she didn't recall my re-
questing it. When the hearing began I explained the above to the DHO, and asked he
postpone the hearing until he and CS could review the video. The DHO denied the
request on the grounds I didn't request the Video at time of service of the case...
Additionally, CS told me not to include Officer Chittem's statement as it had no weight
in countering CO's charge that I verbally threatened her, and should be excluded
from the record. However, I disagreed with that and requested Chittem's statement.
The case paper reads that CO alleged I told her, "I'm going to make you remember this".
My actual words were as I told CS at time of service and testified to at the hearing, "I promise
You I will take care of it if you don't" Take care of what? The SSI I complained about existing
authority over me that CO came to the pod to investigate and which she also told me and I
testified at the hearing she told me she would take care of. Unless I told her she should
harm herself, and if she did not I would take care of it for her. That is the only
other possibility. And of course I would not have told her to do that to harm herself.

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

me at her about to threaten her? ____ Officer Chittim's statement corroborated mine. Chittim said all he heard me say "were the words "I promise you". Nothing about CO's words "I'm going to make you remember this". CO also testified that officer Chittim was there at the scene up until she pulled me out of my cell and handcuffed me. My words "I'll take care of it" implied filing a grievance. Which I testified to at the hearing.

② According to the Disciplinary Rules and Procedures for offenders the DHO should not have denied the video evidence nor the request to postpone the hearing as the Disciplinary Rules say the DHO should'nt deny evidence or witnesses because the request for it was not made until the hearing (See Disciplinary Rules for Offenders pg 16).

③ The DHO refused to allow CO to answer how she felt threatened by me. That question was not redundent, but was relevant to the factual substance of the alleged charge - threatening to inflict harm.

For all the above I request this case be reversed and dismissed. Also I would ask the hearing record tape, officer Chittim's statement, and the subject video be reviewed for this appeal.

Offender Signature: _Frank Diggers_  Respectfully,  Date: _June 7/2017_

**Grievance Response:**

Major disciplinary case #20170291371 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted.

**WARDEN W. BREWER**

Signature Authority: _____  _____  Date: JUN 2 6 2017

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

---

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2">**OFFICE USE ONLY**</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Appendix F

JUL 2 6 2017



**Texas Department of Criminal Justice**

## STEP 2   95.  ~~11S0A -37~~   OFFENDER
GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017153160 |
| UGI Recd Date: | JUL 7-5-17 |
| HQ Recd Date: | JUL 03 2017 |
| Date Due: | 8.4 |
| Grievance Code: | 400 |
| Investigator ID#: | 11312 |
| Extension Date: | |

Offender Name: Frank Diggas   TDCJ # 473881

Unit: Stiles   Housing Assignment: 4E14T

Unit where incident occurred: Stiles

Appeal Disciplinary Case #20170291371

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

I would restate my grounds for appeal elaborated on in the Step 1 and argued further here for Step 2. My CS stated at the hearing she didn't recall my asking her for the video evidence at time of service of this case. We discussed the subject of the video for a full minute at time of service striving back and forth with one another whether or not the video was relevant or not. The CS made assertions she didn't think the video was "relevant" and didn't know what the "protocol" was involving video evidence under such circumstances, would seem to indicate the CS was inadequate in helping me prepare my case and presenting it for me at hearing and seems to reveal she was lying and not telling the truth when she stated at the hearing [just] three days later] she didn't recall the matter. Whatever the truth here, I had a right by TDCJ Disciplinary Rule and policy to this video evidence, even if not requested until the hearing. The video evidence was non-frivolous evidence and was vital to my defense... The DHO denying me the request to postpone the hearing until the video evidence could be obtained on the grounds I didn't request it (the video) at time of service and on the grounds I could have sent an I-60 in to request the video was error... The DHO knows or should know I have a right to request witnesses [or evidence] that is relevant to the charge and circumstances involved, according to the Disciplinary Rule book (page 16). Further, on the DHO's second point I could have sent an I-60 in... I was served with this case on 6/2/2017 (which was on a Friday/ 10:25 AM), and went to hearing on 6/5/2017 (Monday/ 2:20 PM). Just 3 days and 4 hours later [with a week-end in between]. The I-60 would not even have gotten into the unit mail circuit until Monday day of hearing. So the I-60 is a moot point, I would submit here.

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)   *Appendix C*

Note: I think it significant to note here regarding TDCJ policy and protocol in life situations. Was the charging officer required by policy to summon for an escort camera and lockups before she removed me from my cell with no restraints on my hands? The CS stated I was in a closed cell at the time the threat was allegedly made to harm her...

The DHO was in error also when he refused to allow me to ask the CO (charging officer) in what way did she feel I threatened her physically. My own testimony at hearing (and officer Chostain' statement) I promised to file a grievance on CO's I presented non-frivolous evidence in direct contradiction of the CO's charge that required the DHO to have other evidence besides the CO's report for a finding of guilt to be valid and supported by a preponderance of the evidence standard outlined in the Disciplinary Rule Book.

_(left margin, vertical):_ Please review this officer hearing tapes will reveal in more detail each of these claims

Offender Signature: _Frant Diggs_         Respectfully,         Date: _July 4th/2017_

**Grievance Response:**

A review of Disciplinary Case #20170291371 has been conducted. The hearing records support the guilty finding.  The punishment was within established guidelines and no due process errors identified.  Video surveillance was denied appropriately, no audio. No further action is warranted by this office.

Signature Authority: _M. BLALOCK_         Date: _JUL 2 0 2017_

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened   ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened   ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened   ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

# Texas Department of Criminal Justice

## STEP 1

*9v.6*

**OFFENDER
GRIEVANCE FORM**

*and Step 2 on undersit*

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017102009 |
| Date Received: | 8-18-17 |
| Date Due: | 9-17-17 |
| Grievance Code: | 400 |
| Investigator ID #: | 2251 |
| Extension Date: | |
| Date Retd to Offender: | AUG 24 2017 |

Offender Name: **Frank Digges**   TDCJ # **473881**

Unit: **Stiles**   Housing Assignment: **11 SO B 37**

Unit where incident occurred: **Stiles**

**Appeal Disciplinary Case #20170344829**

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Capt. Knoll / Disc. Hearing Officer (DHO)   When? 8/2, 8/7/2017

What was their response? told escort officer (Mr. Daws) to take me back to my cell

What action was taken? excluded me from hearing / found guilty / imposed punishment . . .

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

There are five noted procedural errors besides the conspiratorial/retaliatory animus / that leaves suspect the integrity of the hearing officials involved and tainting the proceedings... ① case served by CS McCord 7/29/17 / case served a second time 7/27/17. I have been in the Security office Building (SOB) since 7/6/17 until the present. All this time in transient overflow status after being taken out of OPI status 7/10/17. At no time during the pendency of this case was I ever placed in Disciplinary Hearing Detention status (PHD). Which shows proper procedure (and policy) was not followed in filing, prosecuting and confining me on this case. Request the disciplinary hearing office records and the SOB records verify this. ② I gave CS McCord a 4 page written statement on my LID (life endangerment) claims at time of service. In the statement I alleged I was transferred from the Gib Lewis Unit in December 2011 and that the LID was against Major Lewis. Because of this past incident with Lewis he should not have had anything to do with this case (see LID statement admitted as evidence in the hearing). Lewis is the ranking authority who graded this code 24. 2 a major case. His initials (SL) are on the case papers. ③ CS McCord served me a second time with this same case 7/27/17. Though the CS did not give me a valid reason why the second service, I signed the "second" case papers to cooperate and comply with her instructions. I included an exhibit to the first case papers and the second case papers in a previous Step 1 I filed that was sent back to me for Inappropriate / Excessive Attachments (see gr. #2015187612). McCord either lost the first case papers or tore them up for some reason (or someone else did) and then had reports about it. This shows McCord (and the other hearing officials) were hostile toward me. ④ At the initial hearing 8/2/17 (tape running) I told the DHO I had not discussed the facts of the case with new counsel substitute Manuel. I do not know what happened to CS McCord.

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

I refused CS Manuel as my counsel substitute due to past conflict with her in a disciplinary case from 2 months before (see gr. #2017153166 / disc. Case #2017029371). By this time the DHO had turned the hearing tape off when I asked

Appendix F

the DHO to allow me to represent myself and I refused CS Manuel to represent me, for the hearing or to discuss the case with her outside the hearing office... restarting the hearing almost a week later (8/7/2017) the DHO had CS Manuel meet me outside the hearing office to discuss the case with me (explaining how to proceed in representing myself. I respectfully listened to her (even though I already told the DHO I did not want her representation and explained why) CS Manuel asked me if I wanted her to read my statement (I.D) in the hearing? I told her (again) I did not want her representing me in the hearing and I would talk for myself. CS Manuel then opened the hearing office door and told the DHO I wasn't cooperating. The DHO then told my escort to take me back to my cell. The DHO improperly ran these hearings and then excluded me (both)

⑤ Going by the preponderance of the evidence I have a valid reason for refusing housing on the H.I.U. unit and the evidence is insufficient (see Sgt. Neal's statement and witness list). Sgt. Neal confirmed the recent threat to my life and safety, that can only be remedied by transfer.

**Action Requested to resolve your Complaint.**

Request: the disciplinary hearing tape / all statements introduced as evidence and requested in the narrative of the grievance be reviewed... and that this case be reversed and dismissed.

Offender Signature: _Frank D. Ogres_       Respectfully,      Date: _August 17/2017_

**Grievance Response:**

Review in Major case #20170344829 revealed no errors in procedure, due process or punishment phase. The report will not be dismissed.

**WARDEN A. TOMPKINS**

Signature Authority: _____       Date: _8/23/17_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F



gv. 6

**Texas Department of Criminal Justice**

# STEP 2   OFFENDER
## GRIEVANCE FORM

Offender Name: _Frank Digges_   TDCJ # _473881_

Unit: _Stiles_   Housing Assignment: _11 S0 2 39_

Unit where incident occurred: _Stiles_

_Appeal Disc. Case # 2017 0344829._

| OFFICE USE ONLY |
|---|
| Grievance #: _2017192009_ |
| UGI Recd Date: _9-6-17_ |
| HQ Recd Date: SEP 08 2017 |
| Date Due: _10.6_ |
| Grievance Code: _400_ |
| Investigator ID#: 10742 |
| Extension Date: _11.5.17_ |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

The Step 1 plainly states and argues for review and consideration errors in procedure and due process, I would only argue further the following below. ① The unit grievance office violated written policy of the Offenders Grievance Operational Manual (OGOM) in returning unprocessed to me the initial Step 1 filed in this appeal (see gv. 2017187617) for screening criteria 4 (excessive attachments). The attachments were two (one page I-47) MA form served on me (and filled out and signed by counsel substitute McCord. I included the attachments to prove my claim that CS McCord served this same case on me twice within a four day span with no documented reason or justification by the counsel substitute for doing this... ② I was excluded from both hearings. So I don't know what actually went on in either. I was not sent a copy of the hearing results in the mail, so I don't know what the DHO's written findings and conclusions were in this case. I was not allowed to listen to the hearing tape, though I sent CS McCord a request for the same on 8/9/2017. Since I was excluded from the hearing(s) I was not allowed to cross-examine or even read what my witnesses said in their statements I requested (see witness list requesting ① Sgt. O'Neal ② Major Levias ③ Mr. Cummings). ③ Sgt. O'Neal investigation into the LID claims he placed me in OPI status for 7/6/2017 substantiated I had been threatened by SSI Stacy Manuel. The UCC on 7/10/2017 also confirmed the threat by Stacy Manuel. The UCC's resolution of the threat was not adequate or sound prison security practice on a bifurcated unit with both sides of the unit (A Side/B Side) using the same infirmary, school, law library ~~(sometime)~~ the same chowhall.

I-128 Front *(Revised 11-2010)*   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   *(OVER)*

Appendix G.

*I had a valid reason for refusing housing in pop. station, and the evidence substantiates it. The hearing officer engaged in a conspiracy to pull off a cheap trick to exclude me from the hearing TV on a trumped up unsubstantiated self serving claim that I refused to cooperate... The evidence is that hearing officials were prejudiced toward me and had animosity for me that denied me a fair and impartial hearing.*

**Offender Signature:** *Frank Diggs*          Respectfully,          **Date:** *August 31/2017*

**Grievance Response:**

Major Disciplinary Case #20170344829 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer (DHO) was within agency guidelines. Hearing records verified that due to your disruptive behavior, you were excluded from the hearing. No evidence was found to indicate that any requests were received by the counsel substitute's office to listen to the audio recording of this disciplinary hearing. No further action warranted by this office as your grievable remedies are now considered exhausted.

**Signature Authority:** _____          **Date:** _____          OCT 17 2017

---

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

Returned because:   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**I-128 Back** (Revised 11-2010)          **Appendix G**

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |



# Texas Department of Criminal Justice

## STEP 1
*qu. 7*

### OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2018031829 |
| Date Received: | 10-30-17 |
| Date Due: | 11-29-17 |
| Grievance Code: | 400 |
| Investigator ID #: | 2251 |
| Extension Date: | |
| Date Retd to Offender: | NOV 1 4 2017 |

Offender Name: *Frank Diggs*       TDCJ # *473881*

Unit: *Stiles*       Housing Assignment: *11 SOB 37 (Security Office Building)*

Unit where incident occurred: *Stiles*

*(Appeal of disc. case #20180029655)*

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? *Capt. Knod, DHO (disciplinary hearing officer).* When? *10/13 and 10/18/2017*

What was their response? *DHO excluded me from the hearing, and told escort to take me out of hearing.*

What action was taken? *tried case / found guilty / imposed punishment.*

State your grievance in the space provided. Please state who, what, when, and the disciplinary case number if appropriate

① *Technical points of processing this case to completion (see I-47 Form (7)(2) CS investi-gation) are not valid justification for this case to take past the procedurally required limit of 7 days to complete. This case involved life endangerment issues (LID) and for an OPI (offender protection investigation) to be done and witnesses statements to be gathered. Still the counsel substitutes (CS) regularly perform these duties in investigating disciplinary cases and they know they have a certain / specific time limit to do this. When they fail to do this it generally means someone is lacking in diligence in this process, and mostly harmed by this is the inmate. Also, this case was filed 9/28/2017. I was locked up (21 days) in the SOB this whole time.*

② *This case involved several LID claims and concerns (past and recent) that are relevant to my refusing housing in population on valid grounds - namely, life endangerment - (see four page written statement / and two page written statement on my LID claims ad-mitted as documentary evidence during the hearing). CS Hamilton investigated these claims by taking me out of prehearing detention status (PHD) and placing me in OPI status. Which should have barred this case from being further processed through some policy was violated by not first instituting an OPI on me before filing the disciplinary case. Instead, Capt. Knod, somehow thought he could just ignore the OPI status I was in, and attempted to try this case anyway on 10/13/2017 (see case paper I 47 Form). He even tried to raise on the telephone Sgt. Cortez (while hearing tape is running) [ Sgt. Cortez is the supervisor who investigated the OPI] and read the witness statements into the record. Capt. Knod (the DHO in this case) clearly has a personal resentment and animosity towards me that affected his judgment and discretion here. Capt. Knod has also tried me on two other recent disciplinary cases (see disc. case #20170291371 and #20170344829). The last case (disc. #20170344829) he ~~also~~ excluded me from the hearing. In fact, Knod, excluded me twice from the hearing in this case. I guess it was some sort of bifurcated hearing or something. Knod had going on with the counsel substitutes involved in that case (CS McCord and CS Maceo) I also wrote written objections to disc. case 20180029655*

*I-127 Form (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)*

*1 page) (included with the hearing record) . . . Capt. Knod should not have processed this case. (cont'd)*

Appendix F

③ My LID claims are valid (past and present) so to the claims against Major Schnyder, Lewis. There is no way I should have been sent back to the Stiles Unit ) or remain on a unit with a high ranking officer I once alleged endangered my life by provoking CRIPS and BLOODS against me and which led to my being transferred from that unit Lewis and me were on at the time (Rob. Lewis Unit). The Unit UCC are attempting to deny or outright ignore my LID issues or attempting to minimize them . It is time for the Regional Director to properly investigate these LID claims and take the necessary corrective action / because the unit is not going to do it with my LID claims against staff.
④ Denied impartial and fair decision maker. The DHO attempted to process this case while I was still in OP) status (how did he bring me out of OP) status to do that?) or maybe a more relevant question, why did he ?) The DHO denied me the right to live testimony and to cross-examine my witness (see Written Objections to Witness State-ments in disc. case # 2018 00 29 (5/6) 2 pages) (admitted as part of hearing record). He denied me the right and opportunity to represent myself after my objecting to CS Manuel representing me due to past conflict (s) (with her and being excluded from previous hearings because of her. Ms. Manuel also objected to the DHO refusing me to represent myself. CS McCall was also writing hearing officer and is bias ... Request this case be reversed and dismissed ...

Offender Signature: _Frank Diggs_      Respectfully     Date: _October 22/2017_

**Grievance Response:**

REVIEW OF MAJOR CASE# 20180029655 REVEALED NO ERRORS IN PROCEDURE, DUE
PROCESS OR THE PUNISHMENT PHASE. THE REPORT WILL NOT BE DISMISSED.

WARDEN A. TOMPKINS

NOV 1 4 2017

**Signature Authority:** _____      **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #:_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.**                                    1

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F



*Rec'd. book 12/12/2017*

DEC 2 2 2017

gv. #7

### Texas Department of Criminal Justice

# STEP 2   OFFENDER GRIEVANCE FORM

Offender Name: Frank Digges   TDCJ # 423881

Unit: Stiles   Housing Assignment: 11 50 B 39

Unit where incident occurred: Stiles

Appeal on disc. case # 2018 0029655

<table>
<tr><td colspan="2">OFFICE USE ONLY</td></tr>
<tr><td>Grievance #:</td><td>2018 031 829</td></tr>
<tr><td>UGI Recd Date:</td><td>11-15-17</td></tr>
<tr><td>HQ Recd Date:</td><td>NOV 16 2017</td></tr>
<tr><td>Date Due:</td><td>12.15</td></tr>
<tr><td>Grievance Code:</td><td>400</td></tr>
<tr><td>Investigator ID#:</td><td>P87</td></tr>
<tr><td>Extension Date:</td><td></td></tr>
</table>

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

I am required by the PLRA to exhaust my administrative remedies [even] if I know my claims will not be legitimately investigated or fairly reviewed. I have read in federal court decisions the perplexing reasoning that even if the states' prison system grievance process is corrupt, inmates must still exhaust administrative remedies... This disciplinary appeal was not legitimately investigated or fairly reviewed at the Step 1/unit level. I am certain it will not be at the Step 2 level either. Because of the PLRA I have no choice but to go through motions in sending this appeal to the Regional Director's office for review...

---

**I-128 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

**Offender Signature:** _Frank Digges_                    **Date:** _November 15/2017_

**Grievance Response:**

Disciplinary Case #20180029655 and all related investigative documentation has been reviewed. The investigation finds that sufficient evidence was presented to support the 24.2 charge and finding of guilt. All due process requirements were satisfied and the punishment imposed was within agency guidelines. No further action warranted by this office.

**Signature Authority:** _____ **B. BARNETT** _BBarnett_     **Date:** _12-5-17_

**Returned because:**     *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY |
|---|
| **Initial Submission**     CGO Initials: _____ |
| Date UGI Recd:_____ |
| Date CGO Recd:_____ |
| (check one) ____Screened ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender:_____ |
| **2nd Submission**     CGO Initials: _____ |
| Date UGI Recd: _____ |
| Date CGO Recd:_____ |
| (check one) ____Screened ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender: _____ |
| **3rd Submission**     CGO Initials: _____ |
| Date UGI Recd: _____ |
| Date CGO Recd:_____ |
| (check one) ____Screened ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender: _____ |

**I-128 Back** (Revised 11-2010)                    **Appendix G**



**Texas Department of Criminal Justice**

# STEP 2 *9:8* OFFENDER
## GRIEVANCE FORM

Offender Name: _Frank Diggee_   TDCJ # _473881_

Unit: _Stiles_   Housing Assignment: _Stiles / 12F 55_

Unit where incident occurred: _Stiles_

| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| UGI Recd Date: _____ |
| HQ Recd Date: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID#: _____ |
| Extension Date: _____ |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

The screening criteria is wrong / this grievance [# 2018069360] is not redundant. The reference grievance (# 2018056133) is a retaliation claim against an officer named Duncan Connolley. The subject grievance (# 2018069360) was against an inmate SSI named (called) Fortyfour. The incidents are two separate ones occurring on two separate days involving two separate people. Though the SSI does work for Connolley in 11 Building / the subject grievance is not redundant.

Further, I mailed the subject grievance December 12, 2017. In the space marked for "Office Use Only" on the back side of the grievance form / the received date is wrong. If the date was correct (01-10-18) the grievable time would have expired by at least thirteen [13] days. Also, from December 12 to January 10 when the grievance was documented as being returned to me is 29 days / that is too long for a grievance not even being processed. This should be investigated by Step 2.

Respectfully,

JAN 25 2018

_____

_____

_____

_____

**Offender Signature:** *Frank Driggers* _____ **Date:** *January 12/2018* _____

**Grievance Response:**

**Signature Authority:** _____ **Date:** _____

**Returned because:**     *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY |
|---|
| **Initial Submission**          **CGO Initials: _____** |
| Date UGI Recd:_____ |
| Date CGO Recd:_____ |
| (check one) ___Screened ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender:_____ |
| **2nd Submission**          **CGO Initials: _____** |
| Date UGI Recd: _____ |
| Date CGO Recd:_____ |
| (check one) ___Screened ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender: _____ |
| **3rd Submission**          **CGO Initials: _____** |
| Date UGI Recd: _____ |
| Date CGO Recd:_____ |
| (check one) ___Screened ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender: _____ |

**I-128 Back** (Revised 11-2010)                                          **Appendix G**

# STEP 1 OFFENDER GRIEVANCE FORM

Ver. 8

Rec'd back 3/2/2018

12FD2-55

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: __Frank Digges__  TDCJ # __473881__

Unit: __Stiles__   Housing Assignment: __H SOB 37__

Unit where incident occurred: __Stiles__

"Retaliation Claim/Violation of SSI policy"

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? __Officer Ezeakachi (1st shift).__  When? __12/12/2017__

What was their response? __Ezeakachi said he would ask a supervisor to come to talk to me.__

What action was taken? __None, as far as I know. No supervisor, either, come to talk with me.__

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have been housed in the Security Office Building (SOB) for over five months. On 12/12/17 an SSI on the second shift (breakfast shift), filled my insert (glass) sitting on the bars less than half way. He also filled my commissary cup up. When I asked the SSI why he didn't fill my glass all the way? He gave me this lame remark, "somebody took [a] pitcher of coffee out of the coffee container and poured it out the window". This is what the SSI told me. Now you know what I mean by lame... I do not know this SSI's name except he goes by the penitentiary sobriquet 44 (forty-four)... After the SSI made the lame remark, I didn't ask him to clarify his remark or argue with him or say anything further to him other than telling him not to serve my drink anymore. He left my cubicle, but still standing in front of my cell out in the hall, and began bumping (running his mouth). The officer working with him (whose name I don't know), who standing next to the SSI, I mention briefly the situation to him and ask him not to let the SSI pour my drink anymore. I also, when this officer come back to pick up the trays, I asked him to call a sergeant. This officer never said anything back to me, except for a slight nod of the head to the affirmative in my request for a supervisor, though no supervisor come... After the shift changed, I explained what happened to Officer Ezeakachi, and again requested to talk with a supervisor. No supervisor come throughout this 12 hour shift. I explained also to Mr. Ezeakachi, that this SSI come back to the section's gate about an hour after the confrontation with him at my cell over the coffee, and hollered at inmates in two separate cells in this section (I'm on telling them words about 37 cell, though I couldn't differentiate his words or understand them except their tone were threatening. These two people in these cells (29 cell and the other cell I didn't here well enough to be certain enough to write it here) let 44 know they heard him

They did not say anything to me after 44 hollered at them. But 29 cell threatened me and talked trash to me for 10 minutes or more after the officer and 44 left the section after feeding. I told 29 cell I wasn't cell warring...

Appendix F

Note: Because the OB is not being provided for at breakfast in the SOB for whatever now most of the officers will generally (usually) give us two cups of coffee that is served.

I have tried previously to get an extra piece of bread with only one cup of coffee [and beyond] saying they don't have enough for filling my cup or glass only half way. I have stopped him from serving my drink on at least two previous occasions [and asked the officer [?] to serve the drink following policy]. I recently filed a grievance over the second shift not providing the double beverage (DB) on the second shift (breakfast) as policy authorizes (see gr. # 2018048642 [and gr. # 2017189293). The current grievance (gr # 2018048642) renews, documents and makes current the continued and on going violation of this policy at breakfast in the SSB. This SSI (44) has heard me discuss these matters [and grievances filed] with officers and supervisors on the second shift [or has heard staff discussing these matters away from me] and is retaliating because I have been making these complaints [and he has to carry the double beverage]. Based on this inmates' [threatening remarks to me in 29 cell [and with 44] I feel my life is endangered [I request transfer [OPT] [and that the video evidence be reviewed showing their SSI serving coffee on 12/12/17].

**Offender Signature:** _Frank Digges_   _Respectfully,_   **Date:** _December 12/2017_

**Grievance Response:**

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☒ 9. Redundant, Refer to grievance # _2018056133_
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _S. Thomas S Thomas_

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission   UGI Initials: _ST_
Grievance #: _2018016936 0_
Screening Criteria Used: _09   899_
Date Rec'd from Offender: _01-10-18_
Date Returned to Offender: _01-10-18_

2nd Submission   UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

3rd Submission   UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

Appendix F

Nov 2-9 2017

Rec'd. by...
11/29/2017



**Texas Department of Criminal Justice**

# STEP 2  9 № 9  OFFENDER
## GRIEVANCE FORM

Offender Name: Frank Digges          TDCJ # 473881

Unit: Stiles          Housing Assignment: 11 SOB 37

Unit where incident occurred: Stiles

**OFFICE USE ONLY**

Grievance #: 2018011051

UGI Rec'd Date: 10-18-17

HQ Rec'd Date: OCT 19 2017

Date Due: 11·27

Grievance Code: 703

Investigator ID#: _____

Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

In proceeding on to Step 2 in this grievance I withdraw the retaliation claim against law library supervisor Ms. Ekete... During the pendency of this grievance (27 days), and thinking more into the retaliation against her, I think I have been wrong to accuse her of that simply because of the long delays in requested paperwork or records and sometimes legal materials. So I withdrew the retaliation claim... However, the facts in the narrative of the Step 1 are true and ongoing. These long delays in records request[s] are [is] a grievable issue and should be investigated by the Step 2 office, I think.

Respectfully,

_____

_____

_____

_____

_____

**Offender Signature:** _Frank Diggs_ _____   **Date:** _October 18/2017_

**Grievance Response:**

For Access to Courts purposes, offenders are only entitled to receive copies of TDCJ documents listed on PIA Chapter 3, Attachment A.  You are not entitled to a copy of an I-210.  In addition the delivery of legal research material to offender with indirect access to the law library was conducted, in accordance with ATC-080.  No further action is warranted.

R. Pool, Asst. Program Manager, Access to Courts

**Signature Authority:** _____   **Date:** _11-8-17_

---

**Returned because:**   *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

**I-128 Back** *(Revised 11-2010)*

**OFFICE USE ONLY**

**Initial Submission**              **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2nd Submission**              **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**              **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**Appendix G**

OFFENDER COPY

Frank Digges

081117

ST

✓ Records

00473881

DIGGES                    FRANK                    D

80                eighty cents

STILES CLEARANCE FUND
3060 FM 3514 Beaumont, TX - 77705



**Texas Department of Criminal Justice**

# STEP 1    OFFENDER GRIEVANCE FORM

9 V v 9

Offender Name: _Frank Diggs_    TDCJ # _473881_

Unit: _Stiles_    Housing Assignment: _Stiles / 11 S&2 39_

Unit where incident occurred: _Stiles_

OFFICE USE ONLY

Grievance #: _2018011051_

Date Received: _9-24-17_

Date Due: _10-31-17_

Grievance Code: _703_

Investigator ID #: _175_

Extension Date: _____

Date Retd to Offender: OCT 1 7 2017

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Ms. Ekeke / I60 / response back from her_ When? _9/15/2017_

What was their response? _Ekeke's response instructed me to refer to law library resources on available records._

What action was taken? _Sent request (I60) back to me._

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 8/11/2017 I sent law library supervisor (Ms. Ekeke) a request for records as well as enclosing a withdrawal request for the records in a sealed envelope... On 9/11/2017 law library officer Simon returned the request to me while picking up law library material from me. He also had me thumbprint a withdrawal request for the same records I sent in the week before. I was distracted and did not pay attention to the envelope that he just handed back to me. After Simon left my cell I opened the envelope and saw it was the request for records I sent in 8/11/2017. Officer Simon returned to my cell a couple hours later to deliver law library material to me. I asked Simon why did he give me the more recent request for records back to me? He indicated he didn't know he had. I asked him to process it through and to disregard the previous request. He happened to have his thumbprint ink in his back pocket and I thumbprinted the withdrawal I sent in 8/11... On 9/15/2017 Ms. Ekeke sent me back both withdrawal request with a handwritten notice in the 8/11 request instructing me to refer (ask for) law library resources (PIA Public Information Act) on available records. On 9/18/2017 I sent Ms. Ekeke a request asking for the above resource material. I should have received this material (the PIA yesterday) the day after sending the request in for it... SEP 21 2017

Enclosed with this (the returned I60 from 8/11) with Ms. Ekekes response highlighted. One of the records I requested is the life endangerment statement (L10) I filed on Major Schuler Lewis when he was a lieutenant at the Gib Lewis Unit. I was transferred over this L10 statement from the Gib Lewis Unit in December 2011. ★. I have a right (by prison policy and the constitution) to a copy of this statement in pur-

suing anticipated legal action against Deveas... because he is a high ranking official Ms. Eteka is attempting to hinder me (stall and delay my court access) in sending me back the paperwork involving (regarding) the LID on Deveas. Additionally, the other records request for copies of statements in certain recent disciplinary hearings she could have processed through and simply denied the request for the LID ████ Statement if she had a valid problem with it. Now I have further delay in these records too (the disciplinary statements)... SEP 2 1 2017 I also sent a records request in 8/4/2017 (for statements in another disciplinary matter) that I still haven't received. So it seems this law library regularly uses stalling tactics to hinder inmates in their records request... SEP 2 1 2016

**Action Requested to resolve your Complaint:** That there be investigated on a denial of courts access claim (and retaliation claim against Ms. Eteka) that I be given the law library material I request and the records I request.

**Offender Signature:** Frank Digger Respectfully, Romans 12:1-2 **Date:** September 20/2017

**Grievance Response:**

**Investigation revealed that your requests are received and being processed in accordance with ATC-080. Continue to contact Law Library staff with your concerns and requests. No action through the grievance process is warranted.**

## WARDEN A. TOMPKINS

**OCT 1·7 2017**

**Signature Authority:** _____ **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____ 1

**OFFICE USE ONLY**

Initial Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**2nd Submission**    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

Texas Department of Criminal Justice

# STEP 1

### OFFENDER GRIEVANCE FORM

9 V-10

Offender Name: _Frank Diggles_     TDCJ #: _473884_

Unit: _Stiles_     Housing Assignment: _11 Bldg. 12 Row 30 Cell_

Unit where incident occurred: _Stiles_

**OFFICE USE ONLY**

Grievance #: _2017150121_

Date Received: _6-1-17_

Date Due: _7-17-17_

Grievance Code: _515_

Investigator ID #: _1725_

Extension Date: _____

Date Retd to Offender: JUN 2 2 2017

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Numerous officers (including officer Harris)_ When? _5/31; 6/1/2017_

What was their response? _repeatedly told me they would check my property / call a supervisor._

What action was taken? _As far as I know no supervisor was called or property checked._

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I was placed in PHD 11 building on 5/30/2017. I refuse to sign the inventory sheet because so many of my property items was not listed or documented on the inventory sheet (I.S). I know it is a common thing for officers not to list all the property items on the I.S. But because of so many of my property items was not listed I thought it best not to sign the I.S. I never saw any of my property items before it was stored in the 11 building property room, other than the few hygiene items that was already in the cell I was placed in 11 building... Officers Slaughter, Sanders, Lavine, Alexander, Bolling (2nd shift) and officer Harris (1st shift) repeatedly told me they would either call a supervisor or check my property with the inventory sheet or get my property. Actually, officer Alexander first told me he would get me grievance forms. Which he did... Officer Harris told me today he would get my property for me but I had to agree to sign the I.S without examining my property bags before signing the I.S. I know you don't believe this. Unbelievable. But this officer actually told me this blunt-malarkey! I told Harris I don't know why he told me such nonsense, and I requested a supervisor. No supervisor ever came. When the shift changed I explained the matter to officer Bolling and asked him to call a supervisor. No supervisor came.

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

JUN 0 7 2017

Note: I sent unit Grievance office two I 60's keeping them up to date on this situation as I received my property back over this 2½ week period. I never received the I60's

I sent Mrs. Johnson (Unit property room Dispenser) on
6/2/2017 explaining the matter to her (including Mr. Harris)
and asked her if she would look into this ... JUN 07 2017

Action Requested: I request that the officers named in this
grievance be interviewed in connection to it ② that the video
camera (film) be reviewed when my property was removed from
the cell I was living in (4 F 10 T) at the time I was placed
in 11 building to show the number of property logs and how full
they were when being placed in 11 building property room ③
the I S be reviewed to determine the items not listed ④ that
Corrective action be taken consistent with TDCJ policy in such
matters ... I did not know officer Harris at all before first speaking
with him on 5/31 about this do I know why he attempted to coerce me to
sign the inventory sheet.

Action Requested to resolve your Complaint:

**Offender Signature:** Travis Diggs          Respectfully,     **Date:** June 2 / 2017

**Grievance Response:**

## You contacted the grievance office and stated that you received your property. Thank you for the information. No further action is warrranted.

### WARDEN W. BREWER

**Signature Authority:** _____     **Date:** JUN 22 2017

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____  1

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

Appendix F

AUG 2 3 2017



11S0A-37

**Texas Department of Criminal Justice**

**STEP 2** 9ub10      OFFENDER
           GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017150121 |
| UGI Recd Date: | 7-3-17 |
| HQ Recd Date: | JUL 0 5 2017 |
| Date Due: | 8/12 |
| Grievance Code: | 5/5 |
| Investigator ID#: | 1773 |
| Extension Date: | |

Offender Name: _Frank Diggs_      TDCJ #_473881_

Unit: _Stiles_      Housing Assignment: _4E/4T_

Unit where incident occurred: _Stiles_

_Appeal - Grievance #2017150121_

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    I am dissatisfied with the response at Step 1 because...

As the Warden acknowledges in his response I did ultimately receive all my property. However, he does not acknowledge or even address what led to this situation in the first place, explained in the Step 1. Additionally, the officer who inventoried my property when I initially was placed in PHD on May 30th (whose name I did not or could not read on the inventory sheet) left off the inventory sheet (did not list my property) over half my property (at least two full commissary bags). If I would have signed the inventory sheet I quite probably would have lost this property. Also, I received the last of my property on June 17th, 19 days after being placed in PHD. This property consisted of one white commissary mirror, two pictures of my 17 year old granddaughter, two KOP pill packs and a small amount of other papers. I did sign an inventory sheet on this property. The property was received by staff on June the 3rd, according to the documentation of the inventory sheet...

Neither does the Warden address the charge against officer Harris in his response. That officer Harris actually attempted to coerce me into signing the initial inventory sheet by telling me he would get my property ~~but~~ but I had to sign the inventory sheet without inspecting my property. Unbelievable that this officer did this. But he did. I feel the least the Warden could have done was document in his response that Harris denied the allegation. Was Harris even questioned? One would ask, why would Harris do this? Who knows. Perhaps from a

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

*retaliatory animus being born from the situation with Sergeant Hadnot and also involving Officer Ramirez — these officers possibly intended on intentially losing my property or letting the SST's carrying the property to store deps the officers would be looking the other way if my property disappeared. I I would have signed the initial inventory sheet they could have gone those and I would not be able to do anything about it*

**Offender Signature:** *Frank D. Loges*   *Respectfully,*   **Date:** *June 20/2017*

**Grievance Response:**

Your grievance was investigated and disclosed that staff returned the remainder of your property after your release from PHD. No further action is warranted.

**Signature Authority:** STEVE M◯SIE ASST. ◯◯◯NAL DIRECTOR   **Date:** AUG 0 3 2017

**Returned because:**   *Resubmit this form when corrections are made.*

- ☐ 1. **Grievable time period has expired.**
- ☐ 2. **Illegible/Incomprehensible.***
- ☐ 3. **Originals not submitted. ***
- ☐ 4. **Inappropriate/Excessive attachments.***
- ☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**
- ☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |

**I-128 Back** (Revised 11-2010)   **Appendix G**

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

9v.11

**OFFICE USE ONLY**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Ret'd to Offender: _____

Offender Name: Frank Digges     TDCJ # 473881

Unit: Stiles     Housing Assignment: 1180B 37

Unit where incident occurred: Stiles

Life Endangerment (LID) against staff/inmate

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Toby Powell     When? 8/8/2017

What was their response? Told by Powell threat would be kept off the same building with me

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

Placed in OP1 status by Sgt. Neal (1st shift) 7/6/2017... UCC on 7/10/2017 (Major Powell) confirmed threat to my life and safety. Powell's resolution to the threat was to keep the inmate who made the threat (Stacy Manuel) and me off the same building... Started refusing housing in population on 7/18/2017 on LID grounds. Received disciplinary case for refusing housing / tried and found guilty on 8/5/2017 after pleading not guilty for which reason (LID in refusing housing in population) At UCC on 8/8/2017 (Major Powell again) reiterated his resolution to the threat to my life/safety (keep Manuel and me off the same building)... I attempted to discuss the LID with Powell and to give him a four page written statement on my LID concerns about Manuel and other relevant LID matters also that should have been reviewed and considered in these LID matters. Powell told me the UCC was just review on recent disciplinary and would not discuss the LID issue (s) or accept my LID statement. Powell told me to send the four page LID statement in the mail to classification. First off, I can't get a response back from classification to an I60 let alone a four page written statement on LID that you know their going to claim they never received and you know that they want to ignore anyway. Especially when some of the facts of that LID statement (besides Manuel's threat) includes a valid retaliation claim against a Stiles Unit high ranking official named (Major) Schuyler Loveas. A retaliation claim (besides Manuel) that the classification people have seen before and know all about, as well Major Powell... Second off,

J-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

AUG 1 1 2017     Appendix

Note: There was a room full of people (Ms. Bassett, one other civil employee, Major Landrum, my two escorts) at the UCC on 7/8/2017 when Major Powell refused to accept my LID statement. I request these people (named) verify Powell's refusing to accept the LID statement.

if Manuel is a threat to my life/safety to leave me on A side (why) pray tell, would he (or his homeboys) not be a threat to my safety on B side? Can we not run into each others in the hall, chowhall, infirmary? Or Manuel send word to his homeboys on B side to catch up with me?... Manuel made more than one threat. The first threat (May 30/2017) I had a sergeant tell me she was going to take care of it (Manuel), she (Sgt. Hodnot) never did. Instead, I threatened to file a grievance on her if she didn't take care of it, then she lied and said I threatened to physically assault her. Capt. Knod took two lines at Count. And Manuel still is healthy around as an SSI and probably never got a case for threatening me in front of Sgt. Neal on 7/6/2017...

**Action Requested to resolve your Complaint** Major Powell a resolution to the threat to my safety is not reuse/sufficient or good institutional practise. His indifference to my safety could also imply a conspirator and retaliatory animus against me... Request a transfer... Respectfully,

Offender Signature: _Frank Digges_          Date: _August 10/2017_

**Grievance Response:**

Signature Authority: _____          Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.*

☑ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted.
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _W. Jones. M.D._          209

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: 2017186662 | |
| Screening Criteria Used: 01 | |
| Date Recd from Offender: 8-11-17 | |
| Date Returned to Offender: 8-11-17 | |
| **2nd Submission** | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

# Texas Department of Criminal Justice

## STEP 1 OFFENDER GRIEVANCE FORM

9v.12

Offender Name: Frank Digges   TDCJ # 423881

Unit: Stiles   Housing Assignment: 11 SOB 37

Unit where incident occurred: Stiles

| OFFICE USE ONLY |
|---|
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? filing gv.# 2017187662   When? August 10/2017

What was their response? grievable time has expired.   AUG 17 2017

What action was taken? returned grievance to me.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance is against grievance investigator U. Jones (G1) for returning the above grievance to me (#2017187662) using incorrect and improper criteria (i.e. "grievable time period has expired")... the subject grievance history began with a recent (and later confirmed) threat made on my life and to my safety by inmate Stacy Manuel... OPI investigation initiated 7/6/2017 [UCC] on the OPI was had on 7/10/17 - Maj Powell confirmed Manuel's threat and stated Manuel and me would've kept off the same building as remedy to the situation... On 7/18/2017, still in the Security office Building (SOB), I was told to move to 8 Building. Before Manuel's threat I had lived on A side for the last two years (4 Building). Even had an A side restriction given to me on another LID (life endangerment) claim by Major Cobbra at a UCC in March 2015. By housing me on 8 Building or attempting to house me on B side (a more dangerous side of the unit where G4 custody is also housed) my life and safety is even more threatened. I refused the housing on 7/18 for valid reason LID. Given disciplinary, found guilty, went to UCC 8/8/2017. Major Powell demoted me to G4 and refused to discuss my LID issues and refused to accept a four page LID statement from me (in which (often) he refused to accept the statement. I asked him to place it in my classification file that was stacked right in front of Powell. Which he (Powell) refused also.

The subject grievance #2017187662 was grieving Major Powell for endangering my life by refusing to discuss my LID situation and refusing to accept the four page LID statement from me at the August 8th UCC. My LID situation

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   AUG 17 2017 (OVER)

Appendix F

had even become *serious* and made more severe by Major Powell (the UCC) demoting me to g4 and now attempting to house me on 7 Building . . . The person being grieved in the subject grievance (#2017187662) and why he is being grieved [is] plain/clear in the narrative of this grievance against C/ Jones. Ms. Jones is attempting to stall, delay, hinder the subject grievance (#2017187662) from advancing to Step 2 by using an improper and incorrect application of the screening criteria . . . And I would ask, "what" I can't grieve Major Powell for refusing to discuss my LLD concerns with me at the UCC on August 8th? for refusing even to accept an LLD statement from me? and demoted me to g4 on a Lsc. Case that involved LLD issues? that required me, for clarity, give a history [on] in the subject grievance (#2017187662)?

**Action Requested to resolve your Complaint:** Psalm 106:3    AUG 1 7 2017

Whatever truth and God would lead a fair and unbiased person to do in this, who works for the Texas Department of Criminal Justice grievance division Settles Unit.

**Offender Signature:** Frank W. Diggs    Respectfully,    **Date:** August 17, 2017

**Grievance Response:**

**Signature Authority:** _____    **Date:** _____
If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [x] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [x] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** Davis Davis

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

<table>
<tr><td colspan="2">OFFICE USE ONLY</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials: TV</td></tr>
<tr><td colspan="2">Grievance #: 2017191024</td></tr>
<tr><td colspan="2">Screening Criteria Used: 2, 5 #99</td></tr>
<tr><td colspan="2">Date Recd from Offender: 8-17-17</td></tr>
<tr><td colspan="2">Date Returned to Offender: 8-17-17</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

I-127 Back (Revised 11-2010)

Appendix F

JAN 0 5 2018



**Texas Department of Criminal Justice**

# STEP 2  *gu.13*  OFFENDER
GRIEVANCE FORM

Offender Name: _Frank Digges_   TDCJ # _473881_

Unit: _Stiles_   Housing Assignment: _11 30 8 37_

Unit where incident occurred: _Stiles_
_gu.# 2018048049_

**OFFICE USE ONLY**

Grievance #: _2018048049_

UGI Recd Date: _12-5-17_

HQ Recd Date: DEC 06 2017

Date Due: _1-14_

Grievance Code: _904_
11312

Investigator ID#: _____

Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

I haven't read AD 03.82 cited by the Warden in his response. I have read gu. #2018033773 and gu. #2018019831 because I wrote them, I know the issues presented in them. How could the Warden miss this? Reading the two grievances as the officer[s] being grieved are different the allegations (what is alleged) are different & not redundant. This grievance was not fairly or properly investigated, reviewed or decided at the unit level/ I ask for the Regional Director's office review.

Respectfully,

Note:
I signed and dated the Step 1 for November 7/2017. My log [I keep for documenting these things] says the Step 1 was actually picked up by the grievance investigator on November 9/2017 — 20 days from documented date in the grievance (see office use only/ Date Reviewed). What is going on here?... And the reason why the Step 1 wasn't picked up on the 7th or 8th of November was due to the grievance investigator not showing up on either of those days in the Security Office Building [where I am housed] to pick the grievance up... This should be investigated by the Regional Director's office. Also, the cameras [video evidence] will show that the grievance investigator did pick up a grievance from me in the Security Office Building (SOB) on November 9/2017.

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

Offender Signature: _Frank Digges_                    Date: _December 4/2017_

**Grievance Response:**

An investigation was conducted into your concerns.  Your allegations concerning your radio are being addressed in your Step 2 grievance #2018019831 at this time. Grievance #2018033773 was screened for time appropriately.  No further action warranted.

*this is not gv.# 2018033773*
*but gv.# 2018048049 .*

Signature Authority: _UMB Calcat_ M. BLALOCK   Date: DEC 1 8 2017

Returned because:    *Resubmit this form when corrections are made.*

- ☐ 1. Grievable time period has expired.
- ☐ 2. Illegible/Incomprehensible.*
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments.*
- ☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
- ☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened   ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2nd Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened   ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened   ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                    Appendix G



# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

*gr·13*

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2018048049 |
| Date Received: | 11-29-17 |
| Date Due: | 1-8-18 |
| Grievance Code: | 904 |
| Investigator ID #: | 2987 |
| Extension Date: | |
| Date Retd to Offender: | NOV 3 0 2017 |

Offender Name: _Frank Diggs_   TDCJ # _423881_

Unit: _Stiles_   Housing Assignment: _11 SOB 37_

Unit where incident occurred: _Stiles_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _see subject grievance (gv.#2018033973)._   When? _10/27/2017_

What was their response? _redundant._   NOV 2 9 2017

What action was taken? _sent grievance back unprocessed_

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance is against grievance Investigator Davis/Davis for sending the above noted grievance back unprocessed under screening criteria box 9. [Redundant]. This subject grievance was against 12 Building property room supervisor Breaux alleging she withheld [and continues to do so] my radio without due process or even charging me with a disciplinary case. Additionally, the subject grievance alleges retaliation and harassment against officer Breaux; that the former grievance [that was against security officer Buckley/officer Davis [does not [see former gv.#2018019831] In both of these grievance[s] I said [in the Action Requested] asked that my radio be returned to me. However, the subject [s] and element[s] of these complaints are different [and more serious and serious in the retaliation claims against Breaux [the subject grievance]. This grievance (gv.#2018033973) was improperly screened and returned to me unprocessed. Further, this is the third such Step 1 grievance returned to me by Davis/Davis since Mid August (2017) unprocessed for one of the screening criteria [s] in which she was wrong and in error (see gv.#2018033973 [subject grievance]; gv.#2018023958 [which was a retaliation claim against Major Lewing] and gv.#2019191824). I filed Step 1 grievance[s] against Davis/Davis for returning all these grievance[s] to me improperly and unprocessed. I have not received any of these grievances back to date...

NOV 2 9 2017

---

Action Requested: That the full record [s] and documentation on all these grievance[s] cited in the narrative be investigated / and that gv.# 2018033773 [subject grievance] be reopened and that I be allowed to continue with my claims against officer Breaux... ② and that Lt Davis / Davis be investigated for intentionally stalling, delaying, and hindering me in the grievance process and for attempting to thwart and stop me in the same... The time factor[s] involved in all these grievance[s] I mentioned in the narrative make Davis / Davis actions alleged here most effective in thwarting and stopping and disrupting my pursuits in all these affairs in the federal courts / and I have been harmed and prejudiced by Davis / Davis actions in all these matters... What would normally have taken

**Action Requested to resolve your Complaint.**
me 90 days to go through the grievance process now would take me almost twice that long or longer waiting for grievance[s] [to improperly be returned unprocessed / or never to be returned at all...] Thank You  Respectfully,

**Offender Signature:** _____  Date: November 7/2017

**Grievance Response:**

**A review of records revealed that grievance 2018033773 was processed in accordance with AD 03.82. The issues presented were redundant. No action is warranted.**

A. Tompkins

**WARDEN ~~M. CROW~~**

**Signature Authority:** _____  **Date:** NOV 30 2017

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**                    1

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission     UGI Initials:_____

Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

**2nd Submission**     UGI Initials:_____

Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

**3rd Submission**     UGI Initials:_____

Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F



OCT 13 2017

**Texas Department of Criminal Justice**

# STEP 2 ~~9~~14   OFFENDER
GRIEVANCE FORM

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 207169483 |
| UGI Recd Date: | 7-28-17 |
| HQ Recd Date: | JUL 31 2017 |
| Date Due: | 9/6 |
| Grievance Code: | 014 |
| Investigator ID#: | |
| Extension Date: | |

Offender Name: _Frank Digges_   TDCJ #: _472881_

Unit: _Stiles_   Housing Assignment: _11 SOB 37_

Unit where incident occurred: _Stiles_

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

The Warden's response ignores and does not address the most salient claims alleged in the narrative of the Step 1: "life endangerment (LID) against staff and inmates"... The Warden's response doesn't even document whether Sgt. Neal denied he had harassed me, threatened and retaliated against me because he was upset that I forced him to acknowledge the OPI I came to him with. I forced him to acknowledge and respond appropriately to the OPI claim by refusing to leave the searchers desk after he ordered me to return to my wing (pod) and asking him to call for another supervisor... And Neal did harass me, as explained in the narrative of the Step 1. And he did threaten or was threatening toward me, by his trying to reflect an intimidating demeanor and by his spiteful behavior toward me. And he did retaliate against me by doing the investigation of the offender protection investigation (OPI) that he was not authorized to do and was disqualified from doing because he was named as a witness to the incident in the LID statement. I assume he was the supervisor who officially is documented as the investigatory supervisor since he gave me the LID form to write and fill out / and since he brought the LID statement to 11 Building for me to sign three days later (on 7/9/2017), after initially placing me in 11 Building OPI status on 7/6/2017. I had forgotten to sign the LID statement in One Building, apparently, in One Building, Neal forgot too. Neal, even though he was not authorized by policy to do the OPI, apparently

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

_sustained the threat to my safety. At the UCC on the OPI Major Powell told me he would keep Stacy Manuel and me off the same Building... (Stacy Manuel is the S31 who threatened me). Major Powell's remedy to the threat is inadequate. I could still run into Samuel (or his homeboys) in the kit- chen, infirmary, in the hall again... The complaint was not properly or legiti- mately investigated at the unit level. I request the regional office review._

_A hearing change is not suff- sufficient for me._

Offender Signature: _Frank Digges_ _Respects_ Date: _July 28, 2017_

**Grievance Response:**

There is no indication of staff not taking the necessary steps to ensure your safety and the security of the institution. An Offender Protection Investigation was initiated regarding your claims and the unit classification committee determined a housing change was important. Contact a staff member if you feel your safety is at risk. No further action warranted.

Signature Authority: _STEVE MASS__ ASST. REGIONAL DIRECTOR_ Date: _____

Returned because: *Resubmit this form when corrections are made.*

- [ ] 1. **Grievable time period has expired.**
- [ ] 2. **Illegible/Incomprehensible.***
- [ ] 3. **Originals not submitted. ***
- [ ] 4. **Inappropriate/Excessive attachments.***
- [ ] 5. **Malicious use of vulgar, indecent, or physically threatening language.**
- [ ] 6. **Inappropriate.***

CGO Staff Signature: _____

**OFFICE USE ONLY**

| Initial Submission | CGO Initials: _____ |
|---|---|
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

| 2nd Submission | CGO Initials: _____ |
|---|---|
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

| 3rd Submission | CGO Initials: _____ |
|---|---|
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

**Texas Department of Criminal Justice**

STEP 1

**OFFENDER GRIEVANCE FORM**

9U. 14

1150A - 31

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017169483 |
| Date Received: | 7-11-17 |
| Date Due: | 8-20-17 |
| Grievance Code: | 014 |
| Investigator ID #: | 1725 |
| Extension Date: | |
| Date Retd to Offender: | JUL 25 2017 |

Offender Name: Frank Digges    TDCJ # 473884

Unit: Stiles    Housing Assignment: 11 SOB 51

Unit where incident occurred: Stiles

Life Endangerment (LID) Against Staff and Inmate

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sergeant Neal    When? 7/6/2017

What was their response? Harassment / threats / retaliation (the threat was to file false disciplinary).

What action was taken? had me write LID statement / placed me in OP1 status 11 Building.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

An SSI (block inmate and gang member whose name I don't know) threatened me (physically assault me) coming back from supper chow. I was in the hall going back to 4 building, he was on the rec yard behind the fence. The SSI's animosity towards me stems from an earlier incident with him on May 30/2017 when this inmate tried exerting authority over me by telling me to shut up. I was talking to officer Chestam about my cellpartner and me being jacked for our meat sandwiches. Chestam and the SSI was passing out johnnies. The SSI also attempted to shut my door... Sgt. Hadnot came to investigate. She told me she would take care of the problem and put me back in my cell and closed my door. I told her if she did'nt take care of the problem, I promised her I would file a grievance. I do'nt started getting loud and excited on the run accusing me of threatening to physically harm her. And made that demonically inspired lie stand up in disciplinary court. I lost 2 line classes over this SSI (and Hadnot).. I get out of the SOB 30 days later (on 6/28/2017) and this knucklehead (SSI) threatens me. He also threatened me 3 days before coming back from breakfast, again in 4 Building hallway outside... I informed Sgt. Neal immediately entering the building after the SSI's threatening me behind the fence (rec yard). Sgt. Neal was sitting at the desk I was just in front of the desk explaining the situation... The SSI comes in the building and looks at Neal and me and tells me (us) in a tone of voice heavy with sarcasm "I don't make threats"!.. Neal tells him to go back to the yard (it is about 4PM) Neal's voice is heavy or least toned with sarcasm and contempt as well as he begins asking me for my information and filling out the OP1 paperwork. Neal took my ID holder and clip because the clip wasn't attached to the holder but was instead slipped to the holder to hold the opening closed. After he took my information

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    JUL 11 2017

(OVER)

Note: Sgt. Neal knows the subject SSI's name... Also, I forgot to sign the LID statement while in One Building with Sgt. Neal on 7/6/2017. Neal brought me the LID statement in the SOB on 7/9/2017, and I signed it. Sgt. Hadnot did'nt take care of the problem or she told me she would on May 30th

he told me He stood at his desk. I told him to remember, knowing letting him know I am Christian and would in this difficult situation with him. Neal then began asking me if I was threatening him? He asked me this at least 3 times. There was a lot of inmate traffic at the time and at least 3 or 4 different officers throughout this 15/20 minute ordeal before Neal escorted me to One Building Captain. Neal asked Sgt. Neal what he was doing with me as we went through One Building gate. Neal told Ms. Neal he was doing an OPI on me.... I filled out and wrote the LIO statement. Sgt. Neal reading it after he had began trying to intimidate and coerce me into changing my statement. He told me I had irrelevant stuff in my statement. I told him I did not think so and refused to change it. I also told Neal he was not authorize to do the OPI (investigate it) because he was a witness in the matter. He then escorted me to the SOG

**Action Requested to resolve your Complaint.** I ask this matter be referred to OIG Office of Inspector General for investigation on charges of harassment, retaliation and threats Sgt. Neal is alleged here of carrying out against me for coming to him for protection from one of his 3SI's, the 4building camera should also be reviewed.

**Offender Signature:** Frank Digges     Respectfully,        **Date:** July 10, 2017

**Grievance Response:**

An Offender Protection Investigation was initiated on your claim. On 7-10-17, you were reviewed by the Unit Classification Committee and granted a housing change. No action is warranted.

### WARDEN A. TOMPKINS

**Signature Authority:** _____     **Date:** 7/24/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____     1

**OFFICE USE ONLY**

| | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

**I-127 Back** (Revised 11-2010)

Appendix F

# Texas Department of Criminal Justice

## STEP 1    OFFENDER GRIEVANCE FORM

11SOA-37

ACCEPT AS ORIGINAL

Jul 15

OFFICE USE ONLY

Grievance #: 2017199293

Date Received: 8-15-17

Date Due: 9-24-17

Grievance Code: 500

Investigator ID #: 1727

Extension Date: _____

Date Retd to Offender: AUG 2 2 2017

Offender Name: Frank Diggs    TDCJ # 473881

Unit: Stiles    Housing Assignment: 11SOB 51

Unit where incident occurred: Stiles

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Jones (2nd shift).    When? 7/12/2017

What was their response? I should write the Warden.

What action was taken? None.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance concerns a food service matter in the Security Office Building (SOB)... Since May 30th, 2017 I have spent at least 40 days in the SOB (from May 30, 2017 to June 22... and then from 7/6 to now)... In this time I have not seen or received from the officers serving two beverages at breakfast. Its either Milk or coffee (sometimes juice) but never (more) than one beverage... Food service policy / inmates confined to the SOB are to receive the same food and drink as population. This is not being done in the SOB... I talked to Mrs. Jones about this, she suggested I write the Warden. So I file this grievance. In doing this I have spent a lot of time in the SOB even before May 30th. And the double beverage at breakfast has been sporadic in the SOB complying with food service policy on that. However, the double beverage was provided seven five percent of the time, I would estimate... JUL 19 2017

Who knows why officers do this? Officers (like Mrs. Jones) who has or have been assigned to work in 11 and 12 buildings for sometime and know what the policies are (like in this matter) regarding the double beverage. Officers get paid money to do a job and carrying out their responsibilities and duties in a responsible and professional way. And yet they just plainly will try to get out of doing some things. Even something as simple and easy as the

JUL 19 2017

AUG 15 2017

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

JUL 31 2017    Appendix F

*Blessed are they who keep justice, and he who does righteousness at all times.*

*Psalm 106:3*

Action Requested to resolve your Complaint. ① *That video evidence be reviewed during the feeding of the breakfast meal in the last 40 days to determine the truth of the facts alleged in the narrative.* ② *That corrective action be taken according to policy in a matter as this.* ③ *That food service be interviewed to determine policy on this and why the double beverage is missing*

Offender Signature: *Frank Dixon*    at *breakfast in the CB.*   Date: 7/18/2015

Grievance Response:

Investigation revealed that two beverages are being served.   No action is warranted.

## WARDEN A. TOMPKINS

Signature Authority: _____   Date: 8/21/17

you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
te the reason for appeal on the Step 2 Form.

turned because:        *Resubmit this form when the corrections are made.

| 1. Grievable time period has expired.
| 2. Submission in excess of 1 every 7 days. *
| 3. Originals not submitted. *
  4. Inappropriate/Excessive attachments. *
  5. No documented attempt at informal resolution. *
  6. No requested relief is stated. *
  7. Malicious use of vulgar, indecent, or physically threatening language. *
  8. The issue presented is not grievable.
  9. Redundant, Refer to grievance #_____
  10. Illegible/Incomprehensible. *
  11. Inappropriate. *

I Printed Name/Signature: _____

lication of the screening criteria for this grievance is not expected to adversely
ct the offender's health.

lical Signature Authority: _____        1

| OFFICE USE ONLY |
| --- |

Initial Submission        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2ⁿᵈ Submission        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3ʳᵈ Submission        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

7 Back (Revised 11-2010)

Recv. back 11/14/2017  Recv. No Ext. Notice

NOV 1 3 2017



**Texas Department of Criminal Justice**

# STEP 2  pg. 15  OFFENDER GRIEVANCE FORM

D467

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017189293 |
| UGI Recd Date: | 9-6-17 |
| HQ Recd Date: | SEP 0 8 2017 |
| Date Due: | 10/16 |
| Grievance Code: | 500 |
| Investigator ID #: | 1773 |
| Extension Date: | 11-25-17 |

Offender Name: _Frank Digges_   TDCJ # _473881_

Unit: _Stiles_   Housing Assignment: _11 SOB 37_

Unit where incident occurred: _Stiles_

Gv. appeal # 2017189293

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** I am dissatisfied with the response at Step 1 because...

Warden Tompkins states two beverages are being served. I reiterate here they are not... Since May 30/2017 I have been in the Security Office Building (SOB) all but 7 days. That's over 90 days. I have'nt seen the double beverage serve at breakfast but one time — the day I received this grievance back from Warden Tompkins documenting in his response that the SOB is suppose to receive the double beverage (that this is policy). When receiving this grievance back on 8/23/2017, I discussed this matter with SOB officer Jones (who is named as a witness in the Step 1). I showed her the grievance and let her read Warden Tompkins response. After Jones read the Wardens response, she asked me if she could take the grievance to the office where she could read it better. She may have needed to get her glasses... Ms. Jones took the grievance and left. About two hours later she brought the grievance back. We then began discussing this again. Her statements to me seemed to indicate that she did'nt know this was actually policy — inmates are to receive double beverage for the breakfast meal (the same as population inmates). And she blamed the food service for not sending the double beverage. The next morning after receiving this grievance back (8/23) the double beverage was served (milk and coffee). Since then (8/23) it has not been served... I have not said anything further to Ms. Jones ~~~~~ (or any other officers) about the matter. I know Ms. Jones (and at least the other officers working her card) know they know what the policy is. If they're not taking this up with the food service department or their supervisors, then I'll just file the Step 2. I did wait until the last day before filing the Step 2 before doing that...

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

Because of Hurricane Harvy we've been on Johnnies much of this time. The first three days after receiving this grievance back 8/23, 8/24, 8/25 we received regular breakfast. And at least 3 days in between during ~~~~ Harvy and this morning 9/5/2017 regular breakfast with no double beverage... If the grievance office is honestly interested in who is telling the truth I would check the SOB Video between 3:30 and 4 PM for 8/5/2017.

**Offender Signature:** _Frank Diggs_   **Date:** _September 5, 2017_

**Grievance Response:**

Step 1 response appropriate. Please refer to that response. There was no evidence to substantiate your allegations. No further action is warranted.

STEVE MASSIE
ASST. REGIONAL DIRECTOR

**Signature Authority:** _____   **Date:** OCT 2 6 2017

**Returned because:**   ***Resubmit this form when corrections are made.***

| | OFFICE USE ONLY |
|---|---|

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

**Initial Submission          CGO Initials:** _____
Date UGI Rec'd: _____
Date CGO Rec'd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission          CGO Initials:** _____
Date UGI Rec'd: _____
Date CGO Rec'd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission          CGO Initials:** _____
Date UGI Rec'd: _____
Date CGO Rec'd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**I-128 Back** *(Revised 11-2010)*          **Appendix G**



**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

*gv. 16*

OFFICE USE ONLY

Grievance #: _____

Date Received: _gv. 2018 018647

Date Due: _gv. _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: *Frank Driggers*    TDCJ # *473881*

Unit: *Stiles*    Housing Assignment: *11 SOB 37*

Unit where incident occurred: *Stiles*

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? *Officer Jones (2nd shift)*    When? *11/21/2017*

What was their response? *Okay.*    NOV 30 2017

What action was taken? *Awaiting grievance response.*

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

*On July 18/2017 I filed a Step 1 grievance alleging that the double beverage was not being served for the breakfast meal. I mentioned the above officer (Officer Jones) as a witness (see g# 2017189293).... In Warden Tompkins response he stated that the double beverage was being provided. No action Warranted. Step 2 (that I just received back 11/14/2017) stated, "Step 1 response appropriate. Please refer to that response. There was no evidence to substantiate your allegations. No further action warranted").*

*The reason why the Step 2 was so long in returning to me is because I actually had to send this grievance to Step 2 twice because Step 1 sent it back to me in error for one of the screening criteria's, and then opened up the Step 1 response to be reviewed again at Step 2, also, the Step 2 was decided and signed by Regional Director M Blalock on 10/17/2017. However, I didn't receive the Step 2 back until 11/14/2017 - "28" days after Blalock's signature....* NOV 30 2017

*The double beverage is still not being served in the Security Office Building (SOB) in violation of policy (this violation is across both work cards) and the double beverage policy is almost never followed. Below is a chronological log documenting this violation of the double beverage policy (DB) going back to when I filed the former Step 2 grievance appeal on 9/5/2017:* NOV 30 2017

*9/5 no double beverage (DB) (Coffee was the beverage served).*

*9/6 double beverage served (Coffee and orange juice).*

*9/7 double beverage served (coffee and milk).*

*9/8 and 9 NO DB.*

*9/10 coffee and cold water (DB served).*

*9/11 coffee and milk (DB served).*

*9/12 thru 14 NO DB (Coffee served).*

*9/15/16 johnnies.*

*9/17/18 NO DB (Coffee served).*

*9/19/20 johnnies.*

*9/21-10/1 NO DB (coffee).*

*10/2 johnnies.*

*10/3 - 11/2 NO DB (Coffee).*

*On 10/22 NO DB (milk served).*

*10/23 thru 11/2 NO DB (Coffee) (OVER)*

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM

*11/3 and 4 johnnies.*

*11/5 NO DB (Coffee).*

*11/6 and 7 johnnies.*

*11/8 and 9 NO DB (Coffee).*

*11/10/11 johnnies.*

*11/12 thru 14 (No DB) (Coffee).*

*11/15 johnnies.*

*11/16 NO DB (Coffee).*

*11/17 johnnies.*

*11/18 NO DB (Coffee).*

*11/19 johnnies.*

*11/20/21 NO DB (coffee served).*

NOV 30 2017

DEC 14 2017

Appendix F

I wrote Warden Tompkins a letter regarding this matter on 11/17/2017, including providing the chronological list of the violation of the double/policy/beverage policy on the preceding page.

Action Requested: That officer Jones and the other officers working the SOB be interviewed/and that the surveilling and recording of the officers feeding the breakfast meal in the SOB be reviewed. Ms. Jones is already familiar with this matter.

NOV 3 0 2017

**Action Requested to resolve your Complaint.** That corrective action be taken as policy dictates and is appropriate in this situation and matter.

**Offender Signature:** Frank Diggs   Respectfully   **Date:** November 21/2017

**Grievance Response:**

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☒ 9. Redundant, Refer to grievance # 2017189293
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** Davis Davis

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: |
| Grievance #: 2018048642 | |
| Screening Criteria Used: 9 #599 | |
| Date Recd from Offender: 11-30-17 | |
| Date Returned to Offender: 11-30-17 | |
| **2nd Submission** | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **3rd Submission** | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

Rec'v back
with TDCJ 9/14/17

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Frank Digges    9V-16    TDCJ # 473881

Unit: Stiles    Housing Assignment: 11 SOB 37

Unit where incident occurred: Stiles

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: _____ | |
| UGI Recd Date: _____ 048642 | |
| HQ Recd Date: ___ #2018 | |
| Date Due: ___ 9- | |
| Grievance Code: _____ | |
| Investigator ID#: _____ | |
| Extension Date: _____ | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).   I am dissatisfied with the response at Step 1 because...**

This grievance was returned to me unprocessed for "excess of 1 every 7 days". My last grievance before the subject grievance was filed 7/11/2017 with the Unit grievance office. see 9V.# 2017089489 The date of filing for the subject grievance was 7/19/2017... The former grievance from 7/11 was filed a grievance alleging life endangerment, retaliation and harassment against staff. Which would not make the former grievance under the criteria of one every seven days... Also, this grievance (the subject grievance), was'nt returned to me until 7/25/2017, by an officer named Jackson working the security office Building (2nd shift). This grievance was held for 9 days before it was returned to me. Fortunately before the 15 days expired for me to file the Step 2... The situation [problem] being grieved in the subject grievance is still ongoing for breakfast. Even though food service policy allows for inmates in the security office Building to be given the same food and drinks as population inmates it is not being done at the Stiles Unit... Officers, and the SSI's working with them, don't want to take the time and make the effort to pour two beverages for the breakfast meal... I have put about 50 days in the security office Building SOB since May 30/2017. And not one time have I seen officers serve the double beverage for breakfast. So it is not a sporadic thing... Please investigate and make these people earn their money paid to them by the tax payers. Also, as mentioned and requested in the Step 1, you have video recording the feeding times here in the SOB, including the breakfast meal.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

JUL 3 1 2017

Sufficient evidence exist to show the officers are not serving the double beverage for breakfast.

Respectfully,
Romans 12:21

**Offender Signature:** _Frank Digges_        **Date:** 7/26/2017

**Grievance Response:**

**Signature Authority:** _____      **Date:** _____

**Returned because:**     *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**     **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2nd Submission**     **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**     **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**I-128 Back** (Revised 11-2010)        **Appendix G**

*Recv.
9/14/2017*

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Inter-Office Communication
### Administrative Review and Risk Management
#### Offender Grievance

*11S0A -37*

TO:   Digges,Frank

TDCJ #:  473881        *gVo16*

UNIT:  ST

FROM: Central Grievance Office        SUBJECT: Improperly Submitted Grievance

Your documents received in this office have been reviewed and a response is indicated below.  Contact the warden, major, chief of classification or a security officer for issues you deem as an emergency; however, are not considered an emergency through the Offender Grievance procedure. **If you need additional information or assistance, you may contact the Unit Grievance Investigator at your unit.**

☐   Please utilize the Offender Grievance Procedure to address your concerns.

☐   A copy of the Instructions on How to Write and Submit Grievances is enclosed for your information.

☐   Policy requires that all grievances be submitted through your Unit Grievance Investigator within 15 days of the applicable date.

☐   These issues have been reviewed at both steps of the grievance procedure. No other administrative remedies are available to you regarding the issue. Further action by this office is not warranted.

☐   If you wish to obtain a copy of a Step 1 grievance, contact your Unit Grievance Investigator via I-60 Request to Authority.  The records retention for grievances is three years.

☐   Your Step 1 grievance(s) was properly screened.

☐   Contact the Law Library concerning your requested information or open records request.

☐   Records indicate that grievance # 201      is currently under review at Step 1.

☐   The use of vulgar language towards staff in your grievance will not be tolerated and may result in disciplinary action being taken by unit administration.

☒   This Step 2 appeal is being returned to you without action; however, the unprocessed Step 1 grievance is under review.

☐   This Step 2 appeal cannot be processed without the corresponding original, answered Step 1 grievance.

☐   You may not submit a Step 2 appeal on a Step 1 grievance that was screened using one of the screening criteria, and returned to you unprocessed.

☐   You had the option of correcting screened grievance # 201      and resubmitting to the unit grievance investigator within 15 days from the date of the returned grievance.

☐   It is not permissible to mail your grievances directly to the Central Grievance Office. Submitting your grievances incorrectly may result in your grievable time to expire.

☐   This issue is currently being addressed in grievance # 201      . If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128).

☐   Records indicate that Grievance # 201      was returned to you on      .

May 2017                                        See Reverse Side

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**TO:** Digges,Frank          **TDCJ #:** 473881          **UNIT:** ST

**FROM:** Central Grievance Office          **SUBJECT:** Offender Correspondence

You should always attempt to resolve your problem informally at your unit with staff, department and security supervisors, or the warden. Verbally communicate the problem, or submit an I-60 Offender Request to Official. Sending your concerns to the wrong department or agency is inappropriate and only delays valuable response time. Your prison-related issues can be addressed in a timely manner by directing them to the appropriate responsible TDCJ department listed below.

☑ **Offender Protection Issues (OPI):** Immediately contact a correctional officer; security supervisor; warden; assistant warden; or the Classification Department at your unit.

☒ **Offender Grievance Procedure:** Issues regarding unit operations, disciplinary disputes, property issues, mail or any other matter relating to conditions of care or supervision may be formally addressed through the Offender Grievance Procedure if informal contact (verbally or I-60) with unit staff does not address your concerns. Submit your Step 1 grievance to the Grievance Department at your unit. Allow ample time for the Grievance Department to investigate your complaint and return a reply to you. If you appeal a decision to the next level, you must submit a Step 2 grievance along with the original answered Step 1 grievance to the Grievance Department at your unit. Step 2 grievances are reviewed by the regional authority or the Central Grievance Office if you are dissatisfied with the response on the Step 1. *Directing grievances to unrelated offices may result in expiration of your grievable time period.*

If you have already pursued the issue through the Offender Grievance Procedure at Step 1 and Step 2; no other administrative remedies are available to you regarding the issue. You may pursue the matter in any manner you choose outside of the agency.

☐ **Medical Care:** The unit physician is the primary care provider at the unit level and is responsible for the determination of medical treatments, medications, medical restrictions, and scheduling of services. You should attempt to resolve your problem at the unit level first by contacting the unit medical administrator in writing (sick call request or I-60 request form) for assistance. Subsequently, if you are not in agreement with the provider's response you may utilize the grievance process. You will not be transferred for medical reasons without the approval and recommendation of unit health care providers.

☑ **Office of Inspector General (OIG) Investigation:** Complaints or allegations relating to excessive or unreported use of force, physical harm by staff, or any crime committed by an offender or employee on state property should be directed to the Office of Inspector General, Investigation Division at P.O. Box 4003, Huntsville, TX, 77342. Full details must be provided in order to initiate an investigation in this manner.

☐ **Classification:** Issues related to time disputes; time calculations; sentencing; concurrent time and stacked time; jail time; forfeited good conduct time; back dated good conduct time; class; promotions; cell assignment; or information on various programs should be directed to the Classification Chief at your unit or the Classification & Records Department at P.O. Box 99, Huntsville, TX, 77342-0099.

☐ **Transfer:** Offenders are not at liberty to choose their unit of assignment. Notify the Classification Department at your unit if you have a reason that warrants a transfer. A request for a hardship transfer may be made if an immediate family member, listed on your approved visitation list, is unable to travel long distances. To be considered, you must be at least L1/G3, with no major disciplinary cases for 1 year and more than 200 miles from home. The family member may submit their request along with a letter from their doctor to verify the medical disability to Joni White, TDCJ-Classifications & Records Department at P.O. Box 99; Huntsville, TX, 77342-0099. A transfer is not guaranteed, but the request will be reviewed for consideration.

☐ **Parole:** Parole review status issues should be directed to the Board of Pardons and Paroles at P.O. Box 13401, Capitol Station, and Austin, TX 78711.

☐ **Education:** Issues related to education should be directed to the Windham School Principal at your unit. Continuing Education issues should be directed to Windham School at P.O. Box 40, Huntsville, TX, 77342. You will not be considered for educational transfer without Windham recommendation.

☐ **Trust Fund & Commissary:** Issues related to your commissary account should be directed to Inmate Trust Fund at P.O. Box 629, Huntsville, TX, 77342. Issues related to commissary purchases, items stocked, or special requests should be directed to the commissary supervisor at your unit.

☑ **Food Service:** Issues related to meals, sack lunches, or special diet menus should be sent to the food service manager for resolution at your unit. If the issue is not resolved at the unit level, then contact the Director of Food Service at P.O. Box 99, Huntsville, TX, 77342-0099

☐ **Legal Assistance:** Issues such as conviction appeal, detainers, divorce, or child support should be directed to an offender's attorney or State Counsel for Offenders, Legal Services Section at P.O. Box 4005, Huntsville, TX, 77342-4005.

☐ **Law Library:** All offender legal issues related to unit operations such as, access to courts; legal visits with other offenders; world attorney visits; indigent, legal or correspondence supplies; postage; policy; and state law information requests should be directed to the law library supervisor at your unit.

☐ **Security Threat Group (STG):** If you feel you have been incorrectly identified as a member of a security threat group, or wish to begin the disassociation process, you should contact the Security Threat Group Officer (STGO) at your unit. The STGO will know the proper procedure to follow in having your STG status reviewed. You may also write to the Security Threat Group Management Office (STGMO) at P.O. Box 99; Huntsville, TX, 77342-0099. However, the STG Management Office relies more on requests and information submitted to them by the Unit STGO than directly from offenders.

☑ **Lockdowns & Shakedowns:** Unfortunately, offenders who had nothing to do with a disturbance are often included in a lockdown, and all offenders at a unit are affected by a semi-annual shakedown. The procedures for implementing a lockdown or shakedown are well established and have proven effective in restoring order and ensuring the security of the unit, as well as the safety of offenders and staff. That does not mean the process is pleasant for offenders or staff

☐ **Laundry/Necessities/Unit Supply:** These items are available on a or for one exchange. You must turn in an item to receive a like item. Resolutio must first be attempted on the unit for issues involving laundry/necessities ar unit supply.

☐ **Rehabilitation Programs:** Questions regarding rehabilitation are to be directed to: Rehabilitation Program Division at 4616 W. Howard Ln. Suite 200; Austin, TX 78728.

☐ **Religion:** Any issue related to religious programs; services; holidays; or activities should be directed through the Chaplain at your unit or the TDCJ Chaplaincy Department at P.O. Box 99, Huntsville, TX, 77342-0099.

Frank Digges #473881
Stiles Unit
3060 FM 3514
Beaumont, TX _77705



Legal Mail

United States District Court
for the Eastern District of Texas
300 Willow Street, Suite 104
Beaumont, TX _77701-2217

Posted
3/26/2018
5 AM