IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANK DIGGS | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv94 |
| KOURTNEY HADNOT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Frank Diggs, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this lawsuit against prison officials.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that his property was confiscated without due process because he was not given a copy of the inventory sheet. Additionally, plaintiff claims false disciplinary charges were filed against him in retaliation for threatening to file grievances against the defendants. Plaintiff claims he was then denied due process at the disciplinary hearings.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*, 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id.*

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

Analysis

*Exhaustion*

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure which takes approximately 90 days to exhaust. The grievance procedures available for inmates confined in TDCJ-CID is outlined in the Offender Orientation Handbook. *See* http://www.tdcj.state.tx.us/publications/cid/publications-cid-offender-orientations-handbook.htm.

The first step of the grievance procedure, Step 1 (I-127 form), involves the prisoner submitting a grievance to the unit grievance coordinator. The Step 1 grievance must be submitted within 15 days from the date of the alleged incident. The unit grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden. Step 1 of the grievance process may take up to 40 days from the date the unit grievance office receives the Step 1 form.

The second step of the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the division grievance investigator at TDCJ-CID headquarters. The division grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistant director. The Step 2 process may take up to 35 days to provide a written response.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the Supreme Court recognized that the failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Id*., 127 S.Ct. at 921. However, under *Jones*, if the complaint itself makes clear that the prisoner failed to exhaust administrative remedies, a district court *sua sponte* can dismiss the case prior to service on the defendants for failure to state a claim. *Carbe v. Lappin*, 492 F.3d 325, 327-328 (5th Cir. 2007).

In his complaint, plaintiff requested to stay the proceedings until he is able to exhaust all administrative remedies through the grievance procedure and stated that he was waiting on several of his administrative remedies to be exhausted. Thus, plaintiff made clear in his complaint and notice of exhaustion of administrative remedies that he had not exhausted the available prison grievance procedure prior to filing this action.

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2387, 165 L.Ed.2d 368 (2006). The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory"). Accordingly, this complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted. The dismissal should be without prejudice to plaintiff's ability to file a new complaint should he chose to do so.

## Recommendation

Plaintiff's complaint should be dismissed without prejudice.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 26th day of October, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE