_1_

Frank Digges
      Plaintiff

vs.

Kourtney HadNot, et. al
      defendants

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Civil Action Number 1:18 CV 94

NOV 26 2018

BY
DEPUTY

Objections to Magistrate keith F. Giblin's
Report and Recommendation.

I

On March 1, 2018 I filed my complaint with the Court
against Kourtney Hadnot and eighteen other named de-
fendants alleging [fear of imminent bodily injury and
death] and numerous other constitutional violations
and claims] that would include retaliation and a
campaign of harassment against me carried out
by the named defendants in this lawsuit [and
would also involved supervisory officials who had the
legal responsibility to intervene and take corrective
action but did not. These allegations and claims further
Included conspiratorial actions over the duration of the
pending of this suit by some of the defendants designed
to hurt, harm and punish me for my legal activities against
them.

II

Since filing my section 1983 complaint on March 1, 2018
I wrote the Court five letters to inform the Court
of the escalation of the retaliation, harassment and danger
and risk to my life and safety at the Stiles Unit.

2

These letters contained [documented] facts, names of witnesses and dates relevant and material to the allegations in these letters. Facts and information that I declared in the letters were truth and the truth in informing the Court of my dangerous situation and asking the Court to intervene. (See letters to the Court dated July 6, 12, 18, 23 and August 22, 2018; and, also, Court's docketing Order of case dated 7/10/2018, page 3 of 3, instruments filed in this civil action from 3/1/2018; 3/21/2018; 3/28/2018 (4) and (5); 7/9/2018; and, additionally, please see Motion for Court's Attention and Response / and to Amend Complaint dated October 16/2018)...

### III

On October 22, 2018 I was transferred from the States Unit to the Allred Unit in Iowa Park (Wichita Falls), Texas due to life endangerment, retaliation, racial discrimination, harassment claims I alleged against staff and inmates in a three page life endangerment statement I wrote and gave to defendant Rockella Neal, who ordered the OPI (offender protection investigation) that led to my transfer.

### IV

The Magistrate Giblin in his Report and Recommendation Order lumps into one brief paragraph my numerous claims without mentioning even one of the nineteen (19) named defendants in the complaint the claims are against. The Magistrate summarily dismisses my complaint without

giving me the opportunity to amend or correct the deficiencies in my claims (see Jackson V. Cain, 864 F.2d 1235). The Magistrate doesn't seem to consider the letters and exhibits filed with the Court after or since the initial filing of the complaint on March 1, 2018 as material subsequently filed as amendments to that complaint as he should have been guided to by Jackson V. Cain, above, and Howard V. King, 707 F.2d 215, 220. Additionally, pro se prisoners' complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief. Taylor V. Gibson, 529 F.2d 709, 713-14; Estelle V. Gamble, 429 U.S. 96, 106, 99 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).

## V

The Magistrate limits and truncates my claims on property confiscation without due process in that my claims include a broad and sweeping allegations of confiscation of property without due process that involved inmates being placed in 11 or 12 Building [5] security status. Constitutional violations that have gone on and continued for years without unit or regional authorities taking any sort of corrective action to correct despite being informed of the problem through the grievance process and I 60 request for years... The Magistrate mentions my claims of false disciplinary charges in retaliation to threatening to file grievances against the defendants and my being denied due process at the disciplinary hearings. The Magistrate then leaves this particular claim hanging ... and proceeds,

without citing particular points of fact or law in support, to
tacitly reference that all my numerous and serious Consti-
tutional claims against nineteen (19) defendants are frivolous
or lack an arguable basis either in law or fact [and] that
my complaint has failed to state a claim[s] in which relief
may be granted... Constitutional Claims and issues that
also included an escalation of the retaliation taken against
me by prison officials, including some of the named defendants,
and that also included unauthorized, unreported, unnecessary,
excessive use of forces taken against me not authorized by
prison policy, procedure or protocol. Allegations explained
and elaborated on in my communications with the Court
after filing the initial complaint March 1, 2018. Still the
Magistrate, even after alleging fear of imminent bodily in-
jury and death in my initial complaint, and evidence of such
a persuasive threat to my life and safety by these communi-
cations with the Court after March 1, 2018, dismisses these
serious claims and supportive facts and information as frivo-
lous and baseless. I contend that the Constitution and the
law of the land provide me with the expectancy to
be free of unwarranted imminent danger of serious physical
injury. Rivera V. Allin, 144 F. 3d 719, 724 N. 9 (11th Cir. 1998);
see also Bounds V. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494,
52 L. Ed. 2d 72 (1977), when the individual seeks vindication
of fundamental civil rights.

II

I have alleged fear of imminent bodily injury and

5

death in my initial complaint. The Magistrate recommends dismissal for my failing to exhaust administrative remedies against all defendants involving all claims. However, with the exigent circumstance involving life and death, as evidenced by the factual basis of this claim being manifested and surfaced in the communications with the Court after March 1, 2018, I would ask the Court to take judicial notice of these dangerous threats to my safety at the time of filing my complaint and after filing it and to find credible on its face my allegations of imminent danger of serious physical injury, meeting the statutory requirement of the exception rule 28 U.S.C. § 1915(g); see also Miller V. Donald, 541 F. 3d 1091 (11th Cir. 2008). And or for the Court, in the alternative, to stay the proceedings in this civil action because of the many exhausted claims until I can exhaust administrative remedies that are still unexhausted (see Jones V. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed 2d 798 (2007). . . This civil action has been pending for over eight months now. It would be an unnecessary waste of judicial resources, time and work to dismiss the whole complaint when a common rule of stay of the proceedings until after exhaustion is completed on the unexhausted claims would accomplish the same thing.

## VII

Dismissal of this civil rights complaint would be improper where I have alleged and claimed arguable basis in law and fact that injuries complained of were type that prison officials

were aware of violating the Constitution or clearly established law by their actions or inactions in failing to intervene and were aware of their duty to protect and take corrective action in these serious matters (see Horton V. Cantrell, 70 F. 3d 397 (5th Cir. 1995), and where I have alleged other constitutional violations that concern the treatment and welfare of other prisoners. This Court should conduct a hearing to delve futher into my claims and in making credibility determinations of the facts and information from which these claims are born from before a sua sponte dismissal of this broad and lengthtly lawsuit (see Spears V. McCotter, 766 F. 2d 179) and White V. Colorado, 157 F. 3d 1226, 1227).

## VIII

Though I have been transferred to the Allred Unit, and am no longer of the Stiles Unit, my life still is being endangered by prison officials and my safety at risk due to the Allred administration, like the Stiles administration, refusing to acknowledge my safety needs and threats that exist to my life by housing me with other prisoners I am at risk by. I would ask the Court in this closing paragraph of my Objections to the Magistrate's Report and Recommendation to issue a temporary injunction enjoining prison officials from retaliating against me / and too, placing me in housing where my life and safety would be at risk. Courts have inherent power to protect prisoners while they exhaust prison grievance procedures (Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A.

§ 1997e(a), Federal Courts have power to issue injunctions to preserve status quo while administrative proceedings are in progress, so as to prevent impairment of effective exercise of appellate jurisdiction (FTC v. Dean Foods Co., 384 U.S. 597, 604, 86 S. Ct. 1238, 16 L. Ed. 2d 802 (1966)... Finally, I would reurge the Court to appoint counsel in this lengthly and complex lawsuit involving nineteen defendants [with a Motion pending to amend complaint to include additional defendants] in best interest of all parties concerned and the exercise of a fair and meaningful process in litigating these claims at the early stages of these proceedings (see Motion for Appointment of Counsel March 29/2018).

Respectfully Submitted
Frank Digges #473881
Plaintiff

DECLARATION

I declare under penalty of perjury that the foregoing facts, information and declarations are true and correct.

Signed November 16th, 2018, at the Alfred Unit in Iowa Park, Texas.

Frank Digges #473881
Plaintiff

November 16/2018

Frank Digges #473881
Allred Unit
2101 FM 369 N.
Iowa Park, TX
76367

U.S. DISTRICT COURT
RECEIVED
NOV 26 2018
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

Frank Digges
Vs.
Kourtney Dadnet, et.al.

Civil Action 1:18CV94

Dear Clerk: Please find enclosed my Objections
to the Magistrate[s] Diblin Report and Recommendation to the Court to dismiss my complaint/
and file these Objections with the Court as soon as
Your business would allow you to.

Thank you
Frank Digges

Frank Digges #473881
Allred Unit
2101 FM 369 N.
Iowa Park, TX -
76367



NORTH TEXAS TX P&DC
DALLAS TX 750
21 NOV 2018 PM 2 L

Clerk, United States District Court
for the Eastern District of Texas
300 Willow Street /Suite 104
Beaumont, TX - 77701-
2217